### Kevin C. STEVENS et al.

### v.

### Ellery W. BOUCHARD et al.

Supreme Judicial Court of Maine.

Argued Sept. 4, 1987.
Decided Oct. 28, 1987.

---

Michael E. Goodman (orally), Bangor, for plaintiffs.

Hugh Calkins (orally), Dover–Foxcroft, for defendants.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

The plaintiffs, Kevin and Heidi Stevens, appeal from a judgment of the Superior Court, Penobscot County, dismissing plaintiffs' complaint. The plaintiffs allege that Ellery and May Bouchard breached an implied warranty of habitability and committed fraud by their failure to disclose a substantial known defect in connection with the sale of their house to the plaintiffs. We find that the Superior Court properly dismissed the complaint.

The Stevens' complaint alleges the following facts. Kevin and Heidi Stevens entered into a purchase and sale agreement with the defendants for a single family residence located on the Cedar Rest Road in Enfield. In May, 1985, the defendants conveyed these premises to the plaintiffs by a warranty deed duly recorded in the Penobscot County Registry of Deeds. After taking possession of their home, the plaintiffs discovered that "the roof leaked and accumulated moisture," a condition that had existed for several years and was known to the defendants. Plaintiffs alleged in Count II that, despite defendants' knowledge and for the purpose of completing the sale, the "[d]efendants made false representations regarding the condition of the residence by reason of their knowledge of the substantial defect in the roof and their failure to disclose it to the [p]laintiffs," and that the plaintiffs relied upon this silence as to the condition of the roof when they consummated the purchase.

The Stevens' complaint seeks damages for the defendants' breach of warranty of habitability (Count I) and fraud (Count II) and further prays for punitive damages for intentional infliction of emotional distress (Count III). The defendants' answer was accompanied by a motion to dismiss for failure to state a claim. M.R.Civ.P. 12(b)(6). This motion was never heard, but on March 4, 1987, the defendants' later motion for a judgment on the pleadings pursuant to Rule 12(c) was heard and granted as to all three counts, the court entering an order of dismissal of the complaint. The plaintiffs do not contest on appeal the trial court's dismissal of Count III.

I.

■ In this case the defendants' motion for judgment on the pleadings is the functional equivalent of a motion to dismiss for failure to state a claim and was treated as such by the court. *See Chiapetta v. Clark Associates*, 521 A.2d 697, 700 (Me.1987); 1 Field, McKusick & Wroth, *Maine Civil*

*Practice* § 12.14 at 253 (2d ed. 1970). We therefore assume that all factual allegations in the complaint are true, although we need not accept the complaint's legal conclusions. *See Larrabee v. Penobscot Frozen Foods,* 486 A.2d 97, 98 (Me.1984). We examine the complaint in the light most favorable to the plaintiffs to determine whether it alleges the elements of a cause of action or facts entitling the plaintiffs to relief on some legal theory. Dismissal is only proper where it appears beyond doubt that the plaintiffs are not entitled to relief under any facts they might prove in support of their claim. *Id.* at 99; *MacKerron v. Madura,* 445 A.2d 680, 681–82 (Me.1982).

■ We first examine whether in Count I of their complaint the plaintiffs have stated a claim for the defendants' breach of a warranty of habitability. The plaintiffs urge us to extend an implied warranty of habitability to a case involving the sale of an existing residence by its owners. In Maine the law implies a warranty of habitability on the part of the builder-vendor in the sale of a new home. *Banville v. Huckins,* 407 A.2d 294, 297 (Me.1979). *Banville* was itself a logical extension of two earlier cases, *Gosselin v. Better Homes, Inc.,* 256 A.2d 629 (Me.1969) and *Wimmer v. Down East Properties, Inc.,* 406 A.2d 88 (Me.1979), which involved implied warranties on the part of builder-vendors that construction would be performed in a reasonably skillful and workmanlike manner. Each of these three cases, however, involved the sale of a new home by its builder. We decline to impose upon the seller of every existing home the burden of an implied warranty of habitability. The owner of an older home stands in a much different relation to that property than does the builder-vendor of a new residence. In the latter case the vendor has ultimate control over the habitability of the premises. To hold a homeowner who had no part in the construction of the residence to the same level of accountability offends considerations of fairness and common sense. *Miles v. Love,* 1 Kan.App.2d 630, 573 P.2d 622, 625 (1977); *see also McDonald v. Mianecki,* 398 A.2d 1283, 1290 (N.J.1979).

## II.

■ The complaint also alleges fraud on the part of the defendants for their failure to disclose to the plaintiffs a known and substantial defect in the premises. Under Maine law, the Bouchards' failure to inform the plaintiffs of the leaking roof is not actionable. In the absence of some special relationship existing between the buyer and seller of real estate, no duty to disclose defects in the premises exists and the doctrine of caveat emptor applies. As we stated in *Eaton v. Sontag,* 387 A.2d 33 (Me.1978):

[I]t is not fraud for one party to say nothing respecting any particular aspect of the subject property for sale where no confidential or fiduciary relation exists and where no false statement or acts to mislead the other are made ...

*Id.* at 38.

The complaint in the present case fails to allege any special relationship between the plaintiffs and the defendants and further fails to allege on the part of the defendants any affirmative statements or acts intended to deceive.

■ In their brief and at oral argument before this court the plaintiffs for the first time advance the theory that the fraud committed by the defendants consisted of the affirmative act of concealing water stains that had formed on a wall of the residence. Nowhere in the complaint, however, do the plaintiffs allege this affirmative concealment. M.R.Civ.P. 9(b) provides that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity" so as to allow the defendant to be "fairly apprised of the elements of the claim." 1 Field, McKusick & Wroth, *Maine Civil Practice,* § 9.2 at 221 (2d ed. 1970). Plaintiffs' complaint not only makes no allegation of an affirmative concealment but specifically limits the nature of the representation to the failure to disclose a known defect. In advancing before this court for the first time the theory of affirmative concealment plaintiffs have failed to comply with the terms of Rule 9(b).

The Superior Court correctly concluded that the Stevens' complaint does not state a claim upon which relief can be granted and thus its dismissal of the complaint was proper.

Accordingly, the entry is:

Judgment affirmed.

All concurring.