STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-02-001

Aug 27   9 00 AM '02

DAVID H. BROWN and
KATHY K. BROWN,

Plaintiffs

v.

ORDER ON DEFENDANTS'
MOTION FOR JUDGMENT
ON THE PLEADINGS

LAURA J. PAUL and
JOHN F. SIROIS,

DONALD L. GARBRECHT
LAW LIBRARY

Defendants

SEP 9 2002

The defendants filed a motion for judgment on the pleadings. Upon review of the motion, opposition and the applicable law, the motion for judgment on the pleadings will be denied.

## FACTUAL BACKGROUND

The plaintiffs own a parcel of land (Lot 7) in the Tenney Hill Subdivision in Raymond, Maine. The plaintiffs allege that Lot 7 is bounded on the north by Black Cat Road, which they allege is a discontinued county way. The plaintiffs assert that they own to the center of Black Cat Road based on 23 M.R.S.A. § 3031. The defendants are constructing a road where Black Cat Road lies.

The court issued a temporary restraining order by agreement on January 29, 2002, requiring that if the defendants intended to undertake any cutting of trees, road improvements or installation of utilities on the portion of the Black Cat Road claimed by the plaintiffs, they provide advance notice of three business days. The defendants subsequently notified the plaintiffs of their intent to string utility lines from a pole on what the plaintiffs consider to be their land. The defendants also notified the plaintiffs that cutting trees might be required. The plaintiffs sought a second restraining order to bar the defendants' proposed activities on the ground that the activities would cause

them irreparable harm. The court denied the motion for a temporary restraining order because the plaintiffs failed to *establish* either that Black Cat Road is a "proposed unaccepted way," or that electrical hookup or cutting of trees that overhang the plaintiffs' boundary constitutes irreparable harm.

The plaintiffs assert the following claims in conjunction with the Black Cat Road: an action to quiet title (Count I); declaratory judgment as to the parties' respective rights (Count II); and trespass (Count III). The defendants move for judgment on the pleadings, arguing that Black Cat Road was not a "proposed and unaccepted way" but rather an identifying feature, and therefore the plaintiffs could not have acquired title to the centerline of Black Cat Road through 23 M.R.S.A. § 3031.

## DISCUSSION

Judgment on the pleadings is the functional equivalent of a motion to dismiss for failure to state a claim. Stevens v. Bouchard, 532 A.2d 1028, 1029 (Me. 1987) (citing Chiapetta v. Clark Associates, 521 A. 2d 697, 700 (Me. 1987); 1 Field, McKusick & Wroth, Maine Civil Practice § 12.14 at 253 (2d ed. 1970)). In reviewing a dismissal motion, the court assumes all factual allegations in the complaint are true, Stevens at 1030 (citing Larrabee v. Penobscot Frozen Foods, 486 A.2d 97, 98 (Me. 1984)), and views the complaint in the light most favorable to the plaintiffs to determine whether it alleges the elements of a cause of action or facts entitling plaintiffs to relief pursuant to some legal theory. New Orleans Tanker Corp. v. Dep't of Transp., 1999 ME 67, ¶ 3, 728 A.2d at 674-75. The court may grant dismissal only when it appears beyond doubt that plaintiffs are entitled to no relief under any set of facts that they might prove in support of their claim. New Orleans Tanker ¶ 3, 728 A.2d at 675.

The plaintiffs assert that, as abutters to Black Cat Road, they have acquired ownership to the centerline of Black Cat Road under § 3031(2) because the road was

never constructed at all until defendants' actions.[1]   The plaintiffs also argue (1) a subdivision plan was recorded in the registry of deeds in 1985 that included the way at issue in this case as a "proposed, unaccepted way"; (2) the municipality did not accept the proposed way within 15 years from the date of recording; (3) the proposed way was not constructed within 15 years from the date of recording of the plan; (4) the private rights created by the recording of the plan were not constructed and utilized as private rights within that 15 year period; and (5) title was not reserved pursuant to 33 M.R.S.A. § 469-A, when the private rights established by the subsection were terminated.

Pursuant to 23 M.R.S.A. § 3032 (1-A), "a proposed, unaccepted way or a portion of a proposed, unaccepted way laid out in a subdivision plan recorded prior to September 29, 1987, is deemed to have been subject to an order of vacation under section 3027," if the way is not constructed or used for a 15 year period. [2] This vacation of rights results in the passing of fee interest in the parcel "to the abutting property owners to the centerline of the way." 23 M.R.S.A. § 3031(2) (1991).

The plaintiffs assert three other theories in support of their claim to exclusive ownership of the road.[3]  If any one of the four theories supports plaintiff's cause of

---

[1] 23 M.R.S.A. §3031(2) (1991) provides:
> Private rights.  A person acquiring title to land shown on a subdivision plan recorded in the registry of deeds acquires a private right-of-way over the ways laid out in the plan.  If a proposed, unaccepted way is not constructed within 20 years from the date of recording of the plan, and if the private rights created by the recording of the plan are not constructed and utilized as private rights within that 20-year period, the private rights-of-way in that way terminate.
> Unless title has been reserved pursuant to Title 33, section 469-A, when the private rights established by this subsection are terminated as provided in this subsection or by order of vacation by the municipality, the title of the fee interest in the proposed, unaccepted way for which the private rights-of-way have terminated passes to the abutting property owners to the centerline of the way.

[2] The fifteen-year time limit provided for in 23 M.R.S.A. § 3032(1-A) applies in the instant case because plaintiffs allege that the plan was recorded shortly after December 1984.

[3] In addition to plaintiffs' argument, pursuant to 23 M.R.S.A. § 3031(2) that as abutters to Black Cat Road they own to the centerline, they raise three additional arguments.  First, plaintiffs contend that pursuant to 23 M.R.S.A. § 3028 that Black Cat Road is an abandoned town way and is only subject to an ongoing easement if there were an affirmative municipal action to maintain such an easement.

action, the defendants' motion for judgment on the pleadings must be denied. Larrabee v. Penobscot Frozen Foods, 486 A.2d 97, 99 (Me. 1984) (stating that "[d]ismissal of a complaint . . . is appropriate only if it appears beyond doubt that the Plaintiff is entitled to no relief under any set of facts which he might prove in support of his claim"). Plaintiffs do not have any burden to produce evidence in opposition to a motion for judgment on the pleadings as they did at the hearing on the Temporary Restraining Order and as they will have at trial.

In order to successfully oppose defendants' motion for judgment on the pleadings, the plaintiffs need only plead facts, which the Court must take as true, sufficient to support a claim for relief under some legal theory. The plaintiffs have alleged that their property abuts Black Cat Road, that Black Cat Road is a proposed, unaccepted way, and that, as a result, they hold a fee interest in the road up to the centerline. These facts, as alleged in the complaint, viewed in a light most favorable to the plaintiffs entitle the plaintiffs to litigate the matter.

The entry is

Defendants' motion for judgment on the pleadings is DENIED.

Dated at Portland, Maine this 27th day of August 2002.

Robert E. Crowley
Justice, Superior Court

---

Second, plaintiffs argue that the developer failed to reserve title to the road in the grant to the abutters of the road and therefore, by operation of 33 M.R.S.A. § 465, the abutters, or grantees, obtain title to the interest in the road held by the grantors. The third argument, based on 33 M.R.S.A. § 469-A, is that any conveyance made prior to the enactment of § 469-A, of land abutting a proposed, unaccepted way of a subdivision is deemed to have transferred the grantors' interest in that proposed, unaccepted way, unless specifically reserved by the grantor.

DAVID BROWN  - PLAINTIFF

Attorney for: DAVID BROWN
ERIKA L FRANK
LAW OFFICE OF ERIKA L FRANK
840 ROOSEVELT TRAIL
WINDHAM ME 04062

**DOCKET RECORD**

KATHY BROWN  - PLAINTIFF


Attorney for: KATHY BROWN
ERIKA L FRANK
LAW OFFICE OF ERIKA L FRANK
840 ROOSEVELT TRAIL
WINDHAM ME 04062



vs
JOHN SIROIS  - DEFENDANT


Attorney for: JOHN SIROIS
JUDY METCALF
EATON PEABODY ET AL
PO BOX 9
167 PARK ROW
BRUNSWICK ME 04011


LAURA PAUL  - DEFENDANT


Attorney for: LAURA PAUL
JUDY METCALF
EATON PEABODY ET AL
PO BOX 9
167 PARK ROW
BRUNSWICK ME 04011



Filing Document: COMPLAINT                    Minor Case Type: QUIET TITLE
Filing Date: 01/08/2002

# Docket Events:

01/08/2002 FILING DOCUMENT - COMPLAINT FILED ON 01/08/2002
        WITH EXHIBITS A & B

01/08/2002 Party(s):  DAVID BROWN
        ATTORNEY - RETAINED ENTERED ON 01/08/2002
        Defendant's Attorney: ERIKA L FRANK

01/08/2002 Party(s):  KATHY BROWN
        ATTORNEY - RETAINED ENTERED ON 01/08/2002
        Defendant's Attorney: ERIKA L FRANK

01/08/2002 MOTION - TEMP RESTRAINING ORDER FILED ON 01/08/2002
        THOMAS D WARREN , JUSTICE
        WITH EXHIBIT A, THE COURT WILL NOT ACT ON THIS REQUEST EX PARTE. AS SOON AS DEFENDANT'S
        HAVE BEEN GIVEN NOTICE OF THIS REQUEST AND COPIES OF THE COMPLAINT AND TRO REQUEST, A