STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-10-276

GEORGE E. LEONARD, II,

     Plaintiff

v.

YACHT MANAGEMENT
SERVICES, et al.,[1]

     Defendants

ORDER ON PLAINTIFF GEORGE E.
LEONARD, II'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

The court has before it plaintiff George E. Leonard, II's motion for partial summary judgment on his breach of contract claim against defendant Anthony Theriault. For the following reasons, the motion is granted.

BACKGROUND

The following facts are taken from the plaintiff's undisputed statement of material facts.[2] On or about January 10, 2002, defendant Yacht Management Services, Inc. (YMS),[3] for good and valuable consideration, executed a $140,000.00 promissory note payable to the plaintiff. (Pl.'s S.M.F. ¶ 1; Pl.'s Compl. Ex. A.) On the same day, defendant YMS, for good and valuable consideration, executed a $100,000.00

---

[1] The plaintiff originally named Andrea Theriault as a defendant. The court granted defendant Andrea Theriault's motion for judgment on the pleadings in her favor on March 25, 2011.

[2] Defendant Anthony Theriault failed to respond to the plaintiff's motion and statement of material facts. The court deems them admitted. Once a properly supported motion is filed, the party opposing a summary judgment must establish a prima facie case for each element of the cause of action in order to avoid a summary judgment. Watt v. Unifirst Corp., 2009 ME 47, ¶ 21, 969 A.2d 897, 902; Reliance Nat'l Indem. v. Knowles Indus. Servs., Corp., 2005 ME 29, ¶ 9, 868 A.2d 220, 224-25. "Failure to properly respond to a statement of material facts permits a court to deem admitted any statements not properly denied or controverted." Dyer v. Dep't of Transp., 2008 ME 106, ¶ 15, 951 A.2d 821, 825-26; M.R. Civ. P. 56(h)(4).

[3] Defendant YMS failed to file an answer in this case. The clerk entered a default against defendant YMS on October 4, 2010. The court granted the plaintiff's motion for default judgment against defendant YMS on April 7, 2011.

1

commercial promissory note payable to Associated Surveyors, Inc., a Maine corporation. (Pl.'s S.M.F. ¶ 2; Pl.'s Compl. Ex. B.) Associated Surveyors, Inc. assigned the $100,000.00 promissory note to the plaintiff on May 8, 2010. (Pl.'s S.M.F. ¶ 7; Leonard Aff. ¶ 5 & Ex. A.)

On or about November 1, 2007, the parties agreed to amend the two promissory notes. (Pl.'s S.M.F. ¶ 3; Pl.'s Compl. Ex. C.) Defendant Anthony Theriault personally guaranteed the two promissory notes, as amended. (Pl.'s S.M.F. ¶ 4; Pl.'s Compl. Exs. A-C.) Pursuant to his personal guarantee, defendant Anthony Theriault is responsible for all of the costs of collection, including reasonable attorney's fees, in the event of default by defendant YMS. (Pl.'s S.M.F. ¶ 15; Pl.'s Compl. Exs. A & B.)

On or about January 10, 2010, the plaintiff received a letter from defendant Anthony Theriault stating that defendant YMS could no longer make payments on the promissory notes. (Pl.'s S.M.F. ¶ 6; Pl.'s Compl. Ex. E.) Defendant YMS has not made any payments on the two promissory notes since December 2009. (Pl.'s S.M.F. ¶ 5.) Defendant YMS is in default of its payment obligations to the plaintiff on the two promissory notes because it failed to pay the amounts due and on the schedule provided by the terms of those notes. (Pl.'s S.M.F. ¶ 10.) Defendant Anthony Theriault has made no payments to the plaintiff pursuant to his guarantees of the two promissory notes, despite demand that he do so following defendant YMS's default. (Pl.'s S.M.F. ¶ 11.)

By the terms of the $140,000.00 promissory note, defendant Anthony Theriault, as personal guarantor, owes the plaintiff $100,925.98 in principal and $9,658.50 in accrued interest, at 8.5% per annum from December 10, 2009 to January 25, 2011, with interest continuing to accrue. (Pl.'s S.M.F. ¶ 13.) By the terms of the $100,000.00 promissory note, defendant Anthony Theriault, as personal guarantor, owes the

2

plaintiff $72,089.85 in principal and $6,899.87 in accrued interest at 8.5% per annum from December 10, 2009 to January 25, 2011, with interest continuing to accrue. (Pl.'s S.M.F. ¶ 12.) The total unpaid principal and interest on the two promissory notes through January 25, 2011 is $189,575.02. (Pl.'s S.M.F. ¶ 14.)

DISCUSSION

Summary judgment should be granted if there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). In considering a motion for summary judgment, the court should consider the facts in the light most favorable to the nonmoving party, and the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. See, e.g., Johnson v. McNeil, 2002 ME 99, ¶ 8, 800 A.2d 702, 704.

To succeed on a breach of contract claim, the plaintiff has the burden of establishing "(1) breach of a material contract term; (2) causation; and (3) damages." Maine Energy Recovery Co. v. United Steel Structures, Inc., 1999 ME 31, ¶ 7, 724 A.2d 1248, 1250. The undisputed facts in this case are that defendant YMS executed two promissory notes in favor of the plaintiff, that defendant Anthony Theriault personally guaranteed these notes, and that defendant YMS is in default under the terms of these notes. (Pl.'s S.M.F. ¶¶ 1-5, 10.) The plaintiff demanded that defendant Anthony Theriault perform on his personal guarantees, but he has failed to do so. (Pl.'s S.M.F. ¶ 11.) Defendant Anthony Theriault's breach of his obligations under the terms of the guarantees has caused the plaintiff to suffer damages. (Pl.'s S.M.F. ¶¶ 12-15.) Accordingly, the plaintiff has met his burden and is entitled to summary judgment on his breach of contract claim against defendant Anthony Theriault.

3

The entry is

The Plaintiff's Motion for Partial Summary Judgment on Count I of the Plaintiff's Complaint is GRANTED.

Judgment is entered in favor of the Plaintiff, George E. Leonard, II, and against the Defendant, Anthony Theriault, on Count I of the Plaintiff's Complaint in the amount of $189,575.02 plus interest accruing from January 25, 2011 at the rate of 8.50%, plus costs and attorneys' fees.

Date: May 11, 2011

Nancy Mills
Justice, Superior Court

CUM-CV-10-276

4

STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss                          CIVIL ACTION
                                        DOCKET NO. CV-10-276
                                        N/M - CUM-3/25/2011

GEORGE E. LEONARD, II,

            Plaintiff
      v.                                ORDER ON DEFENDANT ANDREA
                                        THERIAULT'S MOTION FOR JUDGMENT
                                        ON THE PLEADINGS
YACHT MANAGEMENT
SERVICES, et al.,

            Defendants


Before the court is defendant Andrea Theriault's motion for judgment on the pleadings. M.R. Civ. P. 12(c). For the following reasons, the motion is granted.

BACKGROUND

The following facts are taken from the complaint. On or about January 10, 2002, defendant Yacht Management Services borrowed $140,000.00 from the plaintiff. (Compl. ¶ 1 & Ex. A.) On the same day, YMS borrowed $100,000.00 from Associated Surveyors, Inc. (Compl. ¶ 2 & Ex. B.) The plaintiff asserts that Associated Surveyors assigned the note to Mr. Leonard.[1] (Id.)

On or about November 1, 2007, at the request of defendant Anthony Theriault, a YMS shareholder, the plaintiff agreed to an amendment to the terms of the notes. (Compl. ¶ 3 & Ex. C.) The notes were secured, in part, by $75,000.00 in Prime Fund-Capital reserves that were to be held as security for the two notes by defendant James

---

[1] There is no evidence of a valid assignment on the face of the Note. (Id. & Ex. B.) In the defendants Theriaults' answer, they deny that the second note was assigned to the plaintiff because there is insufficient information to determine if there was a valid assignment. (Theriaults' Ans. ¶ 2.)

1

M. Morris of defendant Financial Management Services, LLC.[2]   (Compl. ¶ 4.) Defendants Anthony and Andrea Theriault and defendant Morris signed a letter of instruction instructing defendant FMS to hold the $75,000.00 as security for the two notes.  (Id.; Compl., Ex. D.)  Defendants Morris and FMS agreed not to release the funds unless and until the obligations under the notes were paid in full or the obligations were discharged.  (Compl. ¶ 5.)  Defendant Anthony Theriault personally guaranteed the two notes.  (Compl. ¶ 6.)

On or about January 10, 2010, the plaintiff received a letter from defendant Anthony Theriault stating that he could no longer pay the notes.  (Compl. ¶ 7 & Ex. E.) Thereafter, the plaintiff filed a two-count complaint against defendants Theriaults, YMS, Morris, and FMS.  In count I, the plaintiff requests judgment against YMS for the unpaid balances on the notes.  (Compl. ¶¶ 8-9.)  In Count II, the plaintiff alleges that the defendants Theriaults, Morris, and FMS entered into a binding agreement to hold $75,000.00 for the plaintiff in the event of default, that the plaintiff was a third-party beneficiary to that agreement, and that "[i]n complete contravention of the terms of the agreement to secure and withhold said funds, Defendants Morris and FM[S] released these secured funds to Defendants Theriault and breached the agreement to secure these funds."  (Compl. ¶¶ 10-14.)  In his prayer for relief under Count II, the plaintiff requests that the court enter judgment against defendants Morris and FMS for the $75,000.00 plus interest, costs, and attorney's fees.

Defendants Theriaults filed their answer on July 12, 2010.[3]  In their answer, the Theriaults admit that the letter of instruction is a true and correct copy.  (Theriaults'

---

[2] The complaint incorrectly refers to Financial Management Associates, LLC.

[3] Defendants Morris and FMS filed their answer on July 30, 2010.

2

Ans. ¶ 4.) The Theriaults raised as an affirmative defense that the complaint fails to state a claim upon which relief can be granted against defendant Andrea Theriault. The court issued a standard scheduling order on August 13, 2010, which allowed the parties four months to file any amendments to their pleadings. On January 18, 2011, after the deadline to file amendments had passed, defendant Andrea Theriault filed this motion for judgment on the pleadings.

DISCUSSION

A.     Motion for Judgment on the Pleadings

A "motion for judgment on the pleadings is the functional equivalent of a motion to dismiss for failure to state a claim." Stevens v. Bouchard, 532 A.2d 1028, 1029 (Me. 1987). The court must "examine the complaint in the light most favorable to the plaintiffs to determine whether it alleges the elements of a cause of action or facts entitling the plaintiffs to relief on some legal theory" and "assume that all factual allegations in the complaint are true." Id. at 1030; see also Sounders v. Tisher, 2006 ME 94, ¶ 8, 902 A.2d 830, 832 (stating that in determining whether a motion to dismiss should be granted, the court considers "the allegations in the complaint in relation to any cause of action that may reasonably be inferred from the complaint," and a claim will be dismissed only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim" (quoting Johanson v. Dunnington, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246)).

The plaintiff argues that he is a third-party beneficiary of a contract between defendants Theriaults, Morris, and FMS and that he stated a claim against defendant Andrea Theriault for breach of that agreement. See F.O. Bailey Co., Inc. v. Ledgewood, Inc., 603 A.2d 466, 468 (Me. 1992) (an intended third-party beneficiary has the right to enforce a contract). The plaintiff overlooks the fact that the complaint does not allege

3

that defendant Andrea Theriault breached the agreement and the plaintiff does not request any relief against her.

Viewing the facts in a light most favorable to the plaintiff, he has failed in his complaint to state a claim against defendant Andrea Theriault. The only reference to her in the complaint is a statement that she signed a letter of instruction instructing that $75,000.00 be held as security for the two promissory notes. (Compl. ¶ 4 & Ex. D.) The complaint does not request any relief from defendant Andrea Theriault. The time has passed for the plaintiff to amend his complaint to state a claim against defendant Andrea Theriault.

The entry is

> Defendant Andrea Theriault's Motion for Judgment on the Pleadings is GRANTED. Judgment is entered in favor of Defendant Andrea Theriault and against the Plaintiff George E. Leonard, II, on the Plaintiff's Complaint.

Date: March 25, 2011

Nancy Mills
Justice, Superior Court

4

MICHAEL FAGONE ESQ
BERNSTEIN SHUR SAWYER & NELSON
PO BOX 9729
PORTLAND ME 04104-5029

KURT OLAFSEN ESQ
75 PEARL ST
SUITE 215
PORTLAND ME 04102

CRAIG RANCOURT ESQ
13 CRESCENT ST
BIDDEFORD ME 04005

STATE OF MAINE                           SUPERIOR COURT
CUMBERLAND, ss                           CIVIL ACTION
                                         DOCKET NO. CV-10-276
                                         *NM - CUM 5/12/2011*

GEORGE E. LEONARD, II,

              Plaintiff

       v.                                ORDER ON PLAINTIFF GEORGE E.
                                         LEONARD, II'S MOTION FOR PARTIAL
                                         SUMMARY JUDGMENT
YACHT MANAGEMENT                         *STATE OF MAINE*
SERVICES, et al.,[1]                     *Cumberland, ss. Clerk's Office*

              Defendants                 *MAY 13 2011*

                                         *RECEIVED*

       The court has before it plaintiff George E. Leonard, II's motion for partial

summary judgment on his breach of contract claim against defendant Anthony

Theriault. For the following reasons, the motion is granted.

BACKGROUND

       The following facts are taken from the plaintiff's undisputed statement of

material facts.[2] On or about January 10, 2002, defendant Yacht Management Services,

Inc. (YMS),[3] for good and valuable consideration, executed a $140,000.00 promissory

note payable to the plaintiff. (Pl.'s S.M.F. ¶ 1; Pl.'s Compl. Ex. A.) On the same day,

defendant YMS, for good and valuable consideration, executed a $100,000.00

---

[1] The plaintiff originally named Andrea Theriault as a defendant. The court granted defendant Andrea Theriault's motion for judgment on the pleadings in her favor on March 25, 2011.

[2] Defendant Anthony Theriault failed to respond to the plaintiff's motion and statement of material facts. The court deems them admitted. Once a properly supported motion is filed, the party opposing a summary judgment must establish a prima facie case for each element of the cause of action in order to avoid a summary judgment. Watt v. Unifirst Corp., 2009 ME 47, ¶ 21, 969 A.2d 897, 902; Reliance Nat'l Indem. v. Knowles Indus. Servs., Corp., 2005 ME 29, ¶ 9, 868 A.2d 220, 224-25. "Failure to properly respond to a statement of material facts permits a court to deem admitted any statements not properly denied or controverted." Dyer v. Dep't of Transp., 2008 ME 106, ¶ 15, 951 A.2d 821, 825-26; M.R. Civ. P. 56(h)(4).

[3] Defendant YMS failed to file an answer in this case. The clerk entered a default against defendant YMS on October 4, 2010. The court granted the plaintiff's motion for default judgment against defendant YMS on April 7, 2011.

1

commercial promissory note payable to Associated Surveyors, Inc., a Maine corporation. (Pl.'s S.M.F. ¶ 2; Pl.'s Compl. Ex. B.) Associated Surveyors, Inc. assigned the $100,000.00 promissory note to the plaintiff on May 8, 2010. (Pl.'s S.M.F. ¶ 7; Leonard Aff. ¶ 5 & Ex. A.)

On or about November 1, 2007, the parties agreed to amend the two promissory notes. (Pl.'s S.M.F. ¶ 3; Pl.'s Compl. Ex. C.) Defendant Anthony Theriault personally guaranteed the two promissory notes, as amended. (Pl.'s S.M.F. ¶ 4; Pl.'s Compl. Exs. A-C.) Pursuant to his personal guarantee, defendant Anthony Theriault is responsible for all of the costs of collection, including reasonable attorney's fees, in the event of default by defendant YMS. (Pl.'s S.M.F. ¶ 15; Pl.'s Compl. Exs. A & B.)

On or about January 10, 2010, the plaintiff received a letter from defendant Anthony Theriault stating that defendant YMS could no longer make payments on the promissory notes. (Pl.'s S.M.F. ¶ 6; Pl.'s Compl. Ex. E.) Defendant YMS has not made any payments on the two promissory notes since December 2009. (Pl.'s S.M.F. ¶ 5.) Defendant YMS is in default of its payment obligations to the plaintiff on the two promissory notes because it failed to pay the amounts due and on the schedule provided by the terms of those notes. (Pl.'s S.M.F. ¶ 10.) Defendant Anthony Theriault has made no payments to the plaintiff pursuant to his guarantees of the two promissory notes, despite demand that he do so following defendant YMS's default. (Pl.'s S.M.F. ¶ 11.)

By the terms of the $140,000.00 promissory note, defendant Anthony Theriault, as personal guarantor, owes the plaintiff $100,925.98 in principal and $9,658.50 in accrued interest, at 8.5% per annum from December 10, 2009 to January 25, 2011, with interest continuing to accrue. (Pl.'s S.M.F. ¶ 13.) By the terms of the $100,000.00 promissory note, defendant Anthony Theriault, as personal guarantor, owes the

2

plaintiff $72,089.85 in principal and $6,899.87 in accrued interest at 8.5% per annum from December 10, 2009 to January 25, 2011, with interest continuing to accrue. (Pl.'s S.M.F. ¶ 12.) The total unpaid principal and interest on the two promissory notes through January 25, 2011 is $189,575.02. (Pl.'s S.M.F. ¶ 14.)

DISCUSSION

Summary judgment should be granted if there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). In considering a motion for summary judgment, the court should consider the facts in the light most favorable to the nonmoving party, and the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. See, e.g., Johnson v. McNeil, 2002 ME 99, ¶ 8, 800 A.2d 702, 704.

To succeed on a breach of contract claim, the plaintiff has the burden of establishing "(1) breach of a material contract term; (2) causation; and (3) damages." Maine Energy Recovery Co. v. United Steel Structures, Inc., 1999 ME 31, ¶ 7, 724 A.2d 1248, 1250. The undisputed facts in this case are that defendant YMS executed two promissory notes in favor of the plaintiff, that defendant Anthony Theriault personally guaranteed these notes, and that defendant YMS is in default under the terms of these notes. (Pl.'s S.M.F. ¶¶ 1-5, 10.) The plaintiff demanded that defendant Anthony Theriault perform on his personal guarantees, but he has failed to do so. (Pl.'s S.M.F. ¶ 11.) Defendant Anthony Theriault's breach of his obligations under the terms of the guarantees has caused the plaintiff to suffer damages. (Pl.'s S.M.F. ¶¶ 12-15.) Accordingly, the plaintiff has met his burden and is entitled to summary judgment on his breach of contract claim against defendant Anthony Theriault.

3

The entry is

        The Plaintiff's Motion for Partial Summary Judgment on Count I of the Plaintiff's Complaint is GRANTED.

        Judgment is entered in favor of the Plaintiff, George E. Leonard, II, and against the Defendant, Anthony Theriault, on Count I of the Plaintiff's Complaint in the amount of $189,575.02 plus interest accruing from January 25, 2011 at the rate of 8.50%, plus costs and attorneys' fees.

Date: May 11, 2011

Nancy Mills
Justice, Superior Court


CUM-CV-10-276

4

KURT OLAFSEN ESQ
75 PEARL ST
SUITE 215
PORTLAND ME 04101

orris +

Financial Mgt

bury Street, Ground Floor
ortland, ME 04101

CRAIG RANCOURT ESQ
13 CRESCENT ST
BIDDEFORD ME 04005

MICHAEL FAGONE ESQ
BERNSTEIN SHUR SAWYER & NELSON
PO BOX 9729
PORTLAND ME 04104-5029