STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-13-204
𝒩/M − 𝕮uM - 11/21/2013

FREDERICK SEAN
CONROY,

Plaintiff

v.

THE ROMAN CATHOLIC
BISHOP OF PORTLAND,

Defendant

ORDER ON DEFENDANT'S
MOTION TO DISMISS

Defendant Roman Catholic Bishop of Portland moves to dismiss all counts of the plaintiff's complaint pursuant to M.R. Civ. P. 12(b)(6). The defendant argues that the five counts in plaintiff's complaint are barred by the applicable statutes of limitations. For the following reasons, the motion to dismiss is denied.

BACKGROUND

The plaintiff alleges the following in his complaint. He resides in Essex County, Massachusetts. (Compl. ¶ 1.) From approximately 1976 through 1979, the plaintiff served as an altar boy at St. Michael's Parish in South Berwick, Maine. (Compl. ¶ 7.) During this time, the plaintiff was sexually abused by Father James P. Vallely, who was then a priest assigned to St. Michael's Parish. (Compl. ¶¶ 4, 11.) The defendant, as employer, supervisor, administrator, and director of all Catholic priests in Maine, was responsible for supervising Father Vallely. (Compl. ¶¶ 2, 25.)

The defendant and two other unknown defendants[1] learned by 1978 that Father Vallely had sexually assaulted minors or acted sexually inappropriately with minors. (Compl. ¶¶ 5, 13, 20.) Until 2009, the defendant concealed from the public, the plaintiff, and the plaintiff's family its knowledge of Father Vallely's inappropriate sexual relationships with minors. (Compl. ¶¶ 5-6, 15-16, 20-22 25.) The defendant intended that the plaintiff and others would act in reliance on the non-disclosure. (Compl. ¶ 27.) A special relationship existed between the plaintiff and the defendant and the defendant had a fiduciary duty to the plaintiff. (Compl. ¶ 17-18, 49, 61-62.) The plaintiff relied to his detriment on the defendant's non-disclosure. (Compl. ¶ 16.)

PROCEDURAL HISTORY

The plaintiff filed a complaint on May 15, 2013 and alleged the following claims: count I: fraudulent concealment; count II: intentional infliction of emotional distress; count III: negligent infliction of emotional distress; count IV: negligent hiring, retention, direction, and supervision; and count V: breach of fiduciary duty. Defendant filed a motion to dismiss the complaint pursuant to M.R. Civ. P. 12(b)(6) on June 12, 2013.

DISCUSSION

1. Standard of Review

The court must "examine the complaint in the light most favorable to the plaintiffs to determine whether it alleges the elements of a cause of action or facts entitling the plaintiffs to relief on some legal theory" and "assume that all factual allegations in the complaint are true." Stevens v. Bouchard, 532 A.2d 1028, 1030

---

[1] Plaintiff will move to amend his complaint to add the names of the unknown defendants once their identities have been ascertained. (Compl. ¶ 3).

2

(Me. 1987); see also Saunders v. Tisher 2006 ME 94, ¶ 8, 902 A.2d 830 (in determining whether a motion to dismiss should be granted, the court considers "the allegations in the complaint in relation to any cause of action that may reasonably be inferred from the complaint," and a claim will be dismissed only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim.")

## 2. Statute of Limitations

The defendant argues that the five counts in the plaintiff's complaint are barred by the applicable statutes of limitations. 14 M.R.S. §§ 752; 789; 752-C. In response, the plaintiff relies on 14 M.R.S.A. § 859,[2] which reads:

> If a person, liable to any action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action, except as provided in section 3580.

14 M.R.S.A. § 859 (2012). The plaintiff contends that because he had no knowledge of the defendant's wrongdoing until December 2009, his complaint was filed in a timely manner and is not barred.

The plaintiff alleges the defendant fraudulently concealed the existence of his claims against the defendant. Fraudulent concealment is defined as follows:

> a failure to disclose; a material fact; where a legal or equitable duty to disclose exists; with the intention of inducing another to act or to refrain from acting in reliance on the non-disclosure; and which is *in fact relied upon* to the aggrieved party's detriment.

---

[2] The plaintiff does not address the defendant's argument with regard to 14 M.R.S. §§ 752 & 752-C. He argues instead that his claims were filed in a timely manner based on 14 M.R.S. § 859.

3

Barr v. Dyke, 2012 ME 108, ¶ 16, 49 A.3d 1280 (quoting Picher v. Roman Catholic Bishop of Portland, 2009 ME 67, ¶ 30, 974 A.2d 286). Fraudulent concealment is "not a separate tort but a means of overcoming the statute of limitations." Jamison v. OHI, 2005 WL 3678040 *4 (Me. Super. Nov. 28, 2005); see Korbitz v. Severance, 2007 ME 3, ¶ 13, 912 A.2d 1237 (rationale behind section 859 reflects "legislative recognition of the fact that dating the accrual of an undiscoverable cause of action from the time of injury works an injustice on injured plaintiffs."); Brawn v. Oral Surgery Assocs., 2003 ME 11, ¶ 21, 819 A.2d 1014 ("Fraudulent concealment is an equitable remedy recognized by courts as a potential means to ameliorate the 'harsh application in individual cases' of the medical malpractice statute of limitations.")

The Law Court has stated, "[i]t is generally not appropriate to decide on the basis of the pleadings whether a defendant's conduct was fraudulent." Webb v. Haas, 665 A.2d 1005, 1009 (Me. 1995) (citing Akins v. Firstbank, N.A., 415 A.2d 567, 569 (Me. 1980)); see also Westman v. Armitage, 215 A.2d 919, 923 (Me. 1966) (reversing judgment on the pleadings when "it [was] not self evident from the[] pleadings alone that the plaintiff's action was barred by operation of 14 M.R.S.A. Sec. 859").

In Webb, the court concluded that the plaintiffs' allegation of fraudulent concealment was enough to survive a motion to dismiss:

> The Webbs filed their complaint after the two-year statute of limitations had expired. In their complaint, however, they allege that Haas has fraudulently concealed the facts of their cause of action from them and they were prevented from having any awareness of the claims until February 1992. The allegation of fraudulent concealment in the Webbs' complaint is sufficient pursuant to section 859 to withstand a motion to dismiss based on noncompliance with the statute of limitations.

4

Webb, 665 A.2d at 1009.

In Picher v. Roman Catholic Bishop of Portland, the plaintiff "allege[d] that the Bishop had actual or constructive knowledge that Melville sexually assaulted minors, breached its duty to disclose that knowledge, and affirmatively concealed the knowledge with the intent to mislead [plaintiff] and his family." Picher v. Roman Catholic Bishop of Portland, 2009 ME 67, ¶ 30, 974 A.2d 286. The court concluded that plaintiff "ha[d] stated a claim for fraudulent concealment." Id.

The plaintiff here has alleged the same facts as those in Picher. The plaintiff alleges the defendant knew of Father Vallely's abuses, breached its duty by concealing that knowledge, acted with the intent to induce reliance on that non-disclosure that resulted in harm to the plaintiff. (Compl. ¶¶ 5, 13, 15-16, 25, 27-28). The plaintiff has pleaded a valid claim for fraudulent concealment. Under the standard set forth in Webb and Westman, the plaintiff's allegations are sufficient to survive the defendant's motion to dismiss.

The defendant argues further that the plaintiff, in his complaint, does not allege when he discovered his claim and the steps he took to discover his claim and does not state the circumstances constituting fraud with particularity. (Def.'s Mem. at 5-6.) The plaintiff does not address these arguments.

Federal cases require pleading and proof of three elements for fraudulent concealment: "(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." Berkson v. Del Monte Corp., 743 F.2d 53, 55 (1st Cir. 1984); see also J. Geils Band Employee Benefit Plan v. Smith Barney Shearson,

5

Inc., 76 F.3d 1245, 1255 (1st Cir. 1996). As discussed above, the requirements for fraudulent concealment in Maine law are different. Barr v. Dyke, 2012 ME 108, ¶ 16, 49 A.3d 1280; Picher v. Roman Catholic Bishop of Portland, 2009 ME 67, ¶ 30, 974 A.2d 286.

The plaintiff's complaint complies with M.R. Civ. P. 9(b). The complaint "avers every element" of fraudulent concealment. Barnes v. McGough, 623 A.2d 144, 146 (Me. 1993). It is reasonable that "the plaintiff must at least tell who said (or failed to say) what, when, and where" and must say how he was affected by the statements or lack thereof. Varney v. R.J. Reynolds Tobacco Co., 118 F. Supp. 2d 63, 68 (D. Mass. 2000). The plaintiff, through his complaint, has complied with those requirements.

The plaintiff alleges he learned in 2009 that he had five claims against this defendant. The six-year statute of limitations is tolled by section 859. 14 M.R.S. §§ 752; 859. The plaintiff will proceed with the five claims in his complaint.

The entry is

The Defendant's Motion to Dismiss is DENIED.

Dated: November 21, 2013

Nancy Mills
Justice, Superior Court

6

OF COURTS
rland County
y Street, Ground Floor
nd, ME 04101

C DONALD BRIGGS ESQ
815 COMMERCIAL ST
ROCKPORT ME 04856

William Gordon, Esq
visiting atty

OF COURTS
land County
Street, Ground Floor
, ME 04101

GERALD PETRUCCELLI ESQ
JAMES HADDOW ESQ
BRADFORD PATTERSHALL ESQ
PETRUCCELLI MARTIN & HADDOW
PO BOX 17555
PORTLAND ME 04112-8555