STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-18-11

CHRISTOPHER REILY and
KIMBERLY REILY

Plaintiffs

v.

SHERYL DEKELBAUM,

Defendant.

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT**

Before the court is defendant Sheryl Dekelbaum's motion for summary judgement on counts II and IV of plaintiff Christopher Reily's complaint. The court previously dismissed counts I and III of the complaint on October 3, 2018. Plaintiff Reily is represented by Susan Farnsworth and defendant Dekelbaum is represented by Brian D. Condon Jr. Oral argument was held on August 6, 2019. For the following reasons, the court grants defendant Dekelbaum's motion.

**Facts**

In June 2017, Dekelbaum listed property located at 289 Stanley Road, Winthrop, Maine for sale with her broker Eben Thomas. (Def.'s SMF ¶ 1.) In her Property Disclosure Statement Dekelbaum noted the existence of known defects in the property including the existence of "water, moisture or leakage;" "prior water, moisture or leakage;" and the presence of a sump pump. (Def.'s SMF ¶ 2; Pl.'s SMF ¶ 29.) The disclosure statement also noted that there is "some leakage in spring and heavy rain." (Def.'s SMF ¶ 2; Pl.'s SMF ¶ 29.)

On June 17, 2017 Reily visited the property along with his real estate agent, Brandon Caruso. (Def.'s SMF ¶ 3.) The same day, Caruso sent Thomas an email explaining that his clients

1

were interested in the property and would like to arrange a second showing. (Def.'s SMF ¶ 4.) The next day, Caruso sent Thomas another email asking "what cause the basement to flood, do the cracks foundation seep water year round, and did homeowners seal the ties and the foundation walls as they were leaking as well or just to patch." (Def.'s SMF ¶ 6; Pl.'s SMF ¶ 30.) According to Dekelbaum, Thomas never answered Caruso's inquiry about the cause of the basement flooding and what work had been done to fix the basement water problems. (Def.'s SMF ¶ 8.) According to Reily, Caruso told Reily that Thomas told Caruso that "a lot of work had been done in the basement and the water issue had been taken care of." (Pl's SMF ¶¶ 8, 32.)

On June 21, 2017, Dekelbaum accepted Reily's offer to purchase the property for $250,000. (Def.'s SMF ¶ 11.) The agreement gave Reily ten days to inspect the property. (Def.'s SMF ¶ 11.) If the results of the inspection were unsatisfactory, Reily could back out of the contract. (Def.'s SMF ¶ 20.) On June 25, 2017, Southern Maine Inspection Services completed an inspection of the property. (Def.'s SMF ¶ 12.) The inspection report notes that "water enters into the basement causing mold growth on sheet rock in the basement and stored items." (Def.'s SMF ¶ 12.) The inspector recommended "having a foundation water proofing contractor install an interior foundation drain system to prevent future water entry." (Def.'s SMF ¶ 12.)

On June 26, 2017, Reily requested to modify the purchase and sale agreement by requiring Dekelbaum to pay $6,000 in closing costs. (Def.'s SMF ¶ 15.) On June 28, 2017, Reily emailed Caruso stating that "[Dekelbaum] is lucky we only want all of closing costs" that Dekelbaum's basement moisture mitigation efforts had "fail[ed] miserably," and that "We just had no idea how badly [the moisture mitigation] was failing until inspection. (Def.'s SMF ¶ 17.) On June 30, 2017, Dekelbaum agreed to pay the closings costs. (Def.'s SMF ¶ 18.) Reily and Dekelbaum closed on

2

the sale of the property in July 2017. (Def.'s SMF ¶ 19.) After the sale, Reily suffered a basement flood at the property during a period of heavy rains in October 2017. (Def.'s SMF ¶ 26.)

## Standard of Review

"[S]ummary judgment is appropriate when the portions of the record referenced in the statements of material fact disclose no genuine issues of material fact and reveal that one party is entitled to judgment as a matter of law." *Currie v. Indus. Sec., Inc.*, 2007 ME 12, ¶ 11, 915 A.2d 400. "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact finder to choose between competing versions of the fact." *Lougee Conservancy v. City-Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). "A plaintiff may avoid a summary judgment for the defendant as a matter of law on a given claim by establishing a prima facie case for each element of the claim for which the plaintiff will bear the burden of proof at trial." *Binette v. Dyer Library Ass'n*, 688 A.2d 898, 902 (Me. 1996). A defendant's motion for summary judgment is properly granted if "the evidence favoring the plaintiff is insufficient to support a verdict for the plaintiff as a matter of law." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18.

## Discussion

"To withstand [Dekelbaum's] motion for summary judgment on fraud, [Reily is] required to establish a prima facie case for the five elements of fraud by clear and convincing evidence." *Flaherty v. Muther*, 2011 ME 32, ¶ 45, 17 A.3d 640. The essential elements of fraud are:

> (1) that one party made a false representation; (2) of a material fact; (3) with knowledge of its falsity or in reckless disregard of whether it is true or false; (4) for the purpose of inducing another party to act in reliance upon it; and (5) the other

3

party justifiably relied upon the representation as true and acted upon it to its damage."

*Id.*

Reily's claim of fraud is based upon what he alleges to be Dekelbaum's intentional misrepresentation that the basement flooding had been remedied. At common law, a seller of property has no duty to disclose known defects in property unless there exists a special relationship with the buyer. *Stevens v. Bouchard*, 532 A.2d 1028, 1030 (Me. 1987). Statutory law, however, requires a seller of residential real property to disclose known defects to the purchaser. 33 M.R.S. § 173(5) (2017). Such a disclosure is neither a warranty by the seller nor intended to be part of any contract between the purchaser and the seller. *Id.* § 176(1). Further, the property disclosure statement may not be used as a substitute for an inspection and does not obviate the purchaser's obligation to inspect the physical condition of the property. *Id.* § 176(2).

In this case, there is no genuine issue regarding the material facts of whether Dekelbaum made a false representation upon which Reily justifiably relied. Reily's only evidence that Dekelbaum made a representation that the basement water issue had been remedied is his own statement that Caruso told him that Thomas had said that the water issue had been taken care of. This evidence, however, is inadmissible hearsay because its is an out of court statement made by Caruso that is being offered to prove that it is true that Dekelbaum, through her agent, made a representation that the water issue had been remedied. M.R. Evid. 801 & 802. Although it would be admissible as an opposing party statement if Caruso testified that Thomas had told him the water issue was taken care of, Caruso could not recall Thomas making any such statement at his deposition. (Caruso Depo. 32:6-33:2.) Further, Thomas testified that he never made such a statement. (Thomas Depo. 28:19-29.) Because Reily was not privy to the conversation with Thomas, he cannot testify about that conversation without violating the hearsay rule. Because

4

Reily has not produced any admissible evidence showing that Dekelbaum misrepresented that the water issue had been taken care of he has not met his burden of establishing a prima facie case for the first and second elements of fraud.

Further, to the extent a false representation was made either in the property disclosures or afterward, the evidence is not sufficient to support a finding of justifiable reliance. Pursuant to statute, Reily had a duty to inspect the property and could not rely on Dekelbaum's representations as to the nature of defects on the property, *see* 33 M.R.S. § 176. Further, the undisputed facts show that Reily had an inspection performed which noted the presence of water in the basement and resulted in the recommendation to install a drain system to prevent future water ingress. Finally, it is also undisputed that, prior to purchasing the property, Reily knew the water mitigation efforts had "fail[ed] miserably." Given the foregoing facts and law, the evidence Reily has produced is not sufficient to support a finding by clear and convincing evidence that he justifiably relied on Dekelbaum's representations regarding the water mitigation. *See Flaherty*, 2011 ME 32, ¶ 45, 17 A.3d 640. Consequently, summary judgment for the defendant is appropriate. *See Curtis*, 2001 ME 158, ¶ 7, 784 A.2d 18.

In regard to the promissory estoppel claim, Reily has not produced any evidence that Dekelbaum made a promise to Reily. Reily has therefore failed to generate an issue of fact regarding a necessary element of his claim for promissory estoppel. *See Chapman v. Bomann*, 381 A.2d 1123, 1127 (Me. 1978) (quoting § 90 of the Restatement (Second) of Contracts) (reciting the elements of promissory estoppel).[1] Summary judgment for the defendant is therefore also appropriate on count IV of the complaint.

---

[1] In *Chapman*, the Law Court adopted the Restatement's formulation of the doctrine of promissory estoppel as follows: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires."

5

**Conclusion**

For the foregoing reasons, defendant Dekelbaum's motion for summary judgment is granted.

The entry is:

> Defendant Sheryl Dekelbaum's Motion for Summary Judgment is GRANTED. Counts II and IV of Plaintiffs Christopher Reily and Kimberly Reily's Complaint are DISMISSED

The clerk is directed to incorporate this order into the docket by reference. M.R. Civ. P. 79(a).

Date: ___8\20\19___

_____
Justice, Superior Court

Entered on the docket __9|3|19__

6