STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & CONSUMER DOCKET
LOCATION:  PORTLAND
DOCKET NO.: BCD-CV-20-22

TERMINIX, INTERNATIONAL        )
COMPANY LIMITED PARTNERSIP     )
d/b/a TERMINIX,                )
                               )
        Plaintiff/             )
        Counterclaim Defendant )
                               )
v.                             )        ORDER GRANTING TERMINIX'S
                               )        MOTION TO DISMISS INTEGRITY
DOUGLAS MORSE, an individual,  )        PEST SOLUTIONS' COUNTERCLAIM
and                            )
KAITLYN DAVIS, an individual,  )
and                            )
INTEGRITY PEST SOLUTIONS-      )
MAINE, LLC,                    )
                               )
        Defendants/            )
        Counterclaim Plaintiffs. )

On April 15, 2020, Plaintiff Terminix ("Terminix") filed suit against Defendants Douglas

Morse and Kaitlyn Davis for several breaches of contract, and against Integrity Pest Solutions-

Maine, LLC ("IPS") for aiding and abetting breach of the duty of loyalty.  Defendants filed an

answer to Terminix's complaint on May 2, 2020, and filed amended answers on July 15, 2020.

Along with the amended answers, IPS filed a Counterclaim (the "Counterclaim") against Terminix

for tortious interference with a contract or advantageous business relations.  In response, Terminix

brought a Motion to Dismiss on the grounds that IPS failed to state a claim upon which relief may

be granted pursuant to Maine Rule of Civil Procedure 12(b)(6).  The Motion is now fully briefed,

and presents the question of whether IPS has successfully pled fraud as a basis for its tortious

1

interference claim. For the reasons discussed below, the Court determines that IPS has not alleged fraud with particularity. Accordingly, Terminix's Motion to Dismiss is GRANTED.

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "consider[s] the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The complaint is viewed "in the light most favorable to the [counterclaimant] to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the [counterclaimant] to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the [counterclaimant] is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.* The legal sufficiency of a complaint challenged pursuant to M.R. Civ. P. 12(b)(6) is a question of law. *Marshall v. Town of Dexter*, 2015 ME 135, ¶ 2, 125 A.3d 1141.

## FACTS

IPS is a limited liability company with its principal place of business in Augusta, Maine. Defendant's Counterclaim (Def.'s Countercl.) ¶ 1. Terminix is a national company that operates an office in Augusta, Maine. (Def.'s Countercl. ¶ 2.) IPS has significant ongoing business relations with existing customers in the service area, along with prospective business relations with numerous potential customers in the service area. (Def.'s Countercl. ¶ 4.) In an effort to interfere with and damage IPS's business, Terminix employees have contacted and visited multiple IPS customers at their homes." (Def.'s Countercl. ¶ 5.) Terminix undertook these actions "with the knowledge of the falsity of its allegations or with reckless disregard of the truth and were expressly for the purpose of damaging IPS's relations with their existing and prospective customers and clients." (Def.'s Countercl. ¶ 6.)

ANALYSIS

There are three elements of tortious interference: 1) a valid contract or prospective economic advantage, 2) interference through fraud or intimidation, and 3) damages, proximately caused. *Rutland v. Mullen*, 2002 ME 98, ¶ 13, 798 A.2d 1104, 1110 (citing James v. MacDonald, 1998 ME 148, ¶ 7, 712 A.2d 1054, 1057). To be sufficient, a complaint need only consist of a short and plain statement of the claim to provide fair notice of the cause of action. *Johnston v. Me. Energy Recovery Co., Ltd. P'ship*, 2010 ME 2010 52, ¶ 16,997 A.2d 741. Malice, intent, knowledge, and other conditions of a person's mind may be generally averred. M.R. Civ. P. 9(b); *see Gallagher v. Penobscot Cmty. Healthcare*, No. CV-16-54, 2017 Me. Super. LEXIS 215, *31 (March 21, 2017). However, M.R. Civ. P. 9(b) provides that, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity" so as to allow the defendant to be fairly apprised of the elements of the claim." *Stevens v. Bouchard*, 532 A.2d 1028, 1030 (Me. 1987) (internal quotations omitted); M.R. Civ. P. 9(b); *Bean v. Cummings*, 2008 ME 18, ¶ 8, 939 A.2d 676. The particularity requirement of Rule 9(b) means that at a minimum, a claimant must specify the time, place, and content of the alleged false representation, or the claim is subject to dismissal. *Nisbet v. Harp Invs., LLC*, No. CV-17-493, 2018 Me. Super. LEXIS 89, *7 (April 26, 2018) (quoting *United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 45 (1st Cir. 2009))[1]; *see also Gallagher*, 2017 Me. Super. LEXIS 215 at *31 (citing *J.S. McCarthy, Co. v. Brausse Diecutting & Converting Equip.*, 340 F.Supp.2d 54, 59 (D. Me. 2004)).

---

[1] M.R. Civ. P. 9(b) is substantially similar to Fed R. Civ. P. 9(b). *See Gallagher,* 2017 Me. Super. LEXIS 215 at *31. Where a Maine Rule of Civil Procedure is identical to the comparable federal rule, courts value construction and comments on the federal rule as aids in construing the parallel Maine provision. *Bean*, 2008 ME 18, ¶ 11, 939 A.2d 676.

In this case, IPS has sufficiently pled that it has valid contracts with current customers and prospective economic advantages in the service area. IPS therefore satisfies the first element of its counterclaim. As to the second element, IPS has not alleged intimidation, and instead relies on its allegation of fraudulent misrepresentation.[2] *See* Def.'s Countercl. ¶ 6. However, IPS has not alleged any facts regarding the specific time, place, or content of the alleged false representations. IPS has not alleged the name, job title, or position of the Terminix employees who made the alleged false representations, or specifically to whom the representations were made. Indeed, IPS's allegations fail to give any notice at all of what was actually said, by whom, and to whom. Lacking these kinds of particularized details, the Counterclaim fails to comply with the heightened pleading requirement of M.R. Civ. P. 9(b).

IPS argues it need not satisfy requirements to allege the time, place, and content of the alleged false representations because the theory of their case focuses on Terminix's intent and knowledge, which need only to be generally averred. However, a claimant may not disregard M.R. Civ. P. 9(b)'s pleading simply by focusing on malice, intent, or knowledge. *See Nisbet v. Harp Invs., LLC*, No. CV-17-493, 2018 Me. Super. LEXIS 89, *7-*8 (April 26, 2018) Here, when the facts are viewed in the light most favorably to IPS, the Counterclaim pleading lacks the degree of particularity (time, place, content and other details) necessary to entitle it to relief on a legal theory of interference by fraudulent misrepresentation. Without alleging facts stating the who, what, where, when and how of the relevant conduct, IPS cannot satisfy the elements of interference by

---

[2] The elements of interference by fraud are "(1) making a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or refrain from acting in reliance on it, and (5) the other person justifiably relies on the representation as true and acts upon it to the damage of the plaintiff." *Petit v. Key Bank*, 688 A.2d 427, 430 (Me. 1996).

fraud, or hope to show that fraudulent conduct was a proximate cause of damages. Therefore, IPS has not successfully plead a prima facia case, and Terminix's Motion to Dismiss must be granted.

CONCLUSION

For all these reasons, Terminix's Motion to Dismiss is GRANTED, and judgment is entered for Terminix on IPS's Counterclaim.

So Ordered.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

October 14, 2020.

_____/s_____
Michael A. Duddy
Judge, Business and Consumer Docket

**TERMINIX INTERNATIONAL CO.**
**LIMITED PARTNERSHIP**

      **v.**

**DOUGLASS MORSE, KAITLIN DAVIS,**
**and INTEGRITY PEST SOLUTIONS**

Plaintiff Counsel:                Jonathan Rue, Esq.
                                        Paul Kennedy, Esq.
                                        *Littler Mendelson, P.C.*
                                        One Monument Square, Ste 600
                                        Portland, ME 04101

Defendant Counsel:          Daniel Nuzzi, Esq.
                                          Hannah Wurgaft, Esq.
                                          *Brann Isaacson*
                                        184 Main Street
                                        PO Box 3070
                                        Lewiston, ME 04243-3070