## In re Judicial Review of A.G.

[559 A.2d 656]

No. 87-572

Present: Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned

Opinion Filed January 13, 1989

Motion for Reargument Denied February 16, 1989

*Shirley Markland, Vermont Developmental Disabilities Law Project*, Rutland, for Plaintiff-Appellee.

---

*Jeffrey L. Amestoy, Attorney General,* Montpelier, and *Joseph L. Winn, Assistant Attorney General,* Brandon, for Defendant-Appellant.

**Gibson, J.** This cause of action was brought in superior court by appellee, A.G., on July 10, 1987. The Department of Mental Health moved to dismiss, alleging lack of subject matter jurisdiction under V.R.C.P. 12(b)(1) and lack of a justiciable issue under V.R.C.P. 12(b)(6). Both motions were denied by the court on July 29, 1987. The Department then moved for permission to take an interlocutory appeal pursuant to V.R.A.P. 5(b), which motion was denied December 1, 1987. Subsequently, this Court granted permission to appeal under V.R.A.P. 5(b)(1). Appellee has moved pursuant to V.R.A.P. 5(b)(3) to dismiss the interlocutory appeal as improvidently granted. We now grant appellee's motion.

A.G. is a 58-year-old retarded woman who has been in the care of the Brandon Training School since 1949. In April of 1983, she was conditionally discharged from the school and placed in a staffed apartment in St. Albans. In October of 1983, she broke her hip and was hospitalized. In May of 1984, her guardian and the Department placed her in the Dumont Convalescent Center in Morrisville. Following appellee's conditional discharge the assistant attorney general representing the Department filed for a judicial review of her placement pursuant to 18 V.S.A. § 8834. No further action was taken until December 1986 when the Brandon Circuit of the Vermont District Court activated the judicial review process. The court appointed a qualified expert to evaluate the appellee's treatment. That evaluation identified a number of shortcomings in her placement, particularly the lack of an Individual Program Plan.* The report also recommended community placement.

Appellee alleges that at a status conference concerning the judicial review the Department objected to a March 27, 1987 hearing

---

* A person in the custody of the Commissioner is entitled under 18 V.S.A. § 8835 to a "current individual program plan" and services to implement this plan, including speech therapy, physical therapy, recreational activities, and counseling and programs for social needs. Moreover, under 18 V.S.A. § 8836 this plan must be reviewed by the Commissioner every six months. Appellee alleges that she received such care following her placement in St. Albans but that no plans were developed or services performed for her by the Department between October of 1983 and 1987.

date, contending that a hearing would take longer than the half day that had been allotted. On March 27, 1987, the Commissioner unconditionally discharged A.G. from the Brandon School. No hearing on the discharge was held and the district court thereafter dismissed the § 8834 proceedings. As a result of these actions, the Commissioner's obligation to provide support services ceased. Subsequently, A.G. brought the underlying suit, requesting judicial review of her absolute discharge and alleging failure by the Commissioner to fulfill his obligation to provide appellee with adequate care. The Department then made its motions to dismiss.

A court should be "especially reluctant to dismiss" a cause of action on the basis of the pleadings when the theory of liability is novel or extreme unless, *"beyond doubt,* there were *no* circumstances or facts which plaintiff[] could prove which would entitle [her] to relief." *Association of Haystack Property Owners, Inc.* v. *Sprague,* 145 Vt. 443, 446-47, 494 A.2d 122, 125 (1985) (emphasis in original). Here, appellee alleges that the Department has not met its statutory obligations to her and that it arbitrarily discharged her from its care in an effort to avoid its legal responsibility to provide her with adequate care, treatment, education and habilitation. The statute under which the Commissioner acted in discharging appellee, 18 V.S.A. § 8834(a), has not previously been construed by this Court. The issue presented by appellee is a novel one, and we are unable to say, as a matter of law, on the basis of the record before us that appellee could not prove any facts that would entitle her to relief. See *Philadelphia Police & Fire Association for Handicapped Children, Inc.* v. *City of Philadelphia,* 699 F. Supp. 1106, 1118 (E.D. Pa. 1988) (termination of habilitation services to mentally retarded persons who live at home, based on administrative or fiscal concerns instead of professional judgments as to individual needs, violates Due Process and Equal Protection Clauses of United States Constitution).

Since the issues presented are of first impression and no record exists which could aid this Court in its decision, we conclude that permission to appeal was improvidently granted. Appellee's motion to supplement the record on appeal with an affidavit of the guardian is denied.

*Appeal dismissed; cause remanded.*