[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13363
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-00628-KS-SRW

JOSEPH J. BROADWAY,

Plaintiff - Appellant,

versus

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 28, 2017)

Before JORDAN, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Joseph Broadway appeals (1) the denial of Plaintiff's motion to remand to state court; (2) the denial of Plaintiff's motion for leave to file an amended complaint; and (3) the grant of summary judgment in favor of Plaintiff's insurer, State Farm Mutual Automobile Insurance Company ("State Farm").  No reversible error has been shown; we affirm.

This appeal arises out of a car collision, in which the car driven by Plaintiff was struck by a negligent driver.  That the other driver was at fault and that Plaintiff suffered serious injuries as a result of the accident are undisputed.

On the day of the accident, Plaintiff's car was insured under an automobile insurance policy ("Policy") issued by State Farm, which included uninsured motorist ("UIM") benefits.[1]  Plaintiff recovered $25,000 from the at-fault driver's automobile insurance company: the coverage limit.  Plaintiff then filed a claim for UIM benefits under his Policy with State Farm; he contended that his damages exceeded the amount recovered from the at-fault driver's insurance.  Plaintiff sought to recover the full coverage amount of his UIM benefits under the Policy -- $25,000, but State Farm offered Plaintiff only $5,000 in satisfaction of his claim.

---

[1] Under both the terms of the Policy and under Alabama law, the term "uninsured motorist" includes "underinsured" motorists.  See Lowe v. Nationwide Ins. Co., 521 So. 2d 1309, 1309 n.1 (Ala. 1988).

2

Plaintiff filed this civil action against State Farm in Alabama state court, purporting to assert claims for breach of contract, bad faith, and for fraud. Plaintiff also purported to assert a fraud claim against Shane Anderson, the State Farm insurance agent from whom Plaintiff purchased his Policy.

State Farm removed the action to federal court. The district court dismissed Plaintiff's fraud claims for failure to state a claim. The district court later granted summary judgment on Plaintiff's claims for breach of contract and for bad faith and dismissed the remainder of the complaint, without prejudice, for lack of subject-matter jurisdiction. This appeal followed.

I. Motion to Remand

On appeal, Plaintiff contends the district court erred in concluding that he failed to state a claim for fraud against Anderson: a non-diverse defendant. As a result, Plaintiff argues that the district court denied erroneously his motion to remand the case to state court based on a lack of complete diversity.

"When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). If, however, "a

3

plaintiff names a non-diverse defendant solely . . . to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." Id.  In pertinent part, a defendant seeking to prove a non-diverse co-defendant was joined fraudulently must show -- by clear and convincing evidence -- that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." Id.  We review de novo the district court's denial of a motion to remand.  Id.

In his complaint, Plaintiff alleged that Anderson committed fraud by representing falsely to him -- through State Farm's advertising slogan -- that State Farm would treat Plaintiff like a "Good Neighbor."  The district court concluded that State Farm's advertising slogan was "mere opinion or puffery" and, thus, constituted no statement of material fact.  We agree.

To state a claim for fraud under Alabama law, a plaintiff must allege -- among other things -- "a misrepresentation of a material fact." Allstate Ins. Co. v. Eskridge, 823 So. 2d 1254, 1258 (Ala. 2001) (emphasis added).  The Alabama Supreme Court has said that "statements of opinion amounting to nothing more than 'puffery' . . . are not statements concerning material facts upon which individuals have a right to act and, therefore, will not support a fraud claim." Fincher v. Robinson Bros. Lincoln-Mercury, Inc., 583 So. 2d 256, 259 (Ala. 1991).

4

Under the circumstances of this case and viewed in the light most favorable to Plaintiff, we cannot say that State Farm's advertising slogan -- "like a good neighbor, State Farm is there" -- is a representation of a material fact. The advertising slogan, instead, constitutes nothing more than a statement of opinion or "puffery." See, e.g., Bellsouth Mobility, Inc. v. Cellulink, Inc., 814 So. 2d 203, 217 (Ala. 2001) (representation that company was "committed to its agents" constituted "puffery" and was no statement of material fact); Fincher, 583 So. 2d at 259 (statements that a car would be a "fine car," "would be dependable and reliable," "was well-suited for [plaintiff's] purposes," and "was well and properly constructed" were mere "puffery" or predictions about the anticipated performance of the car, not statements of material fact). Because Plaintiff failed to allege a misrepresentation of material fact, the district court concluded correctly that Plaintiff failed to state a claim under Alabama law for fraud. Given the lack of a viable claim against Anderson, federal diversity jurisdiction existed; and the district court committed no error in denying Plaintiff's motion to remand.

II.  Motion for Leave to Amend

Plaintiff next challenges the district court's denial of his motion for leave to amend his complaint. Plaintiff sought to add an amended claim of fraud against

5

State Farm and Anderson and also to add claims against Anderson for fraudulent suppression and for negligent procurement of insurance.

We review for abuse of discretion the district court's refusal to grant leave to amend a complaint. Thomas v. Farmville Mfg. Co., 705 F.2d 1307, 1307 (11th Cir. 1983).

About Plaintiff's proposed amended fraud claim, the district court concluded the claim was barred by the court's earlier order dismissing with prejudice Plaintiff's fraud claim for failure to state a claim. Contrary to Plaintiff's argument on appeal, the proposed amended fraud claim -- similar to Plaintiff's initial fraud claim -- also relied in substance on State Farm's "Good Neighbor" advertising slogan, which Plaintiff understood to mean that State Farm would treat its customers fairly and reasonably. Especially given the similarity between Plaintiff's initial and proposed amended fraud claims, the district court abused no discretion in concluding that Plaintiff's proposed amended fraud claim was barred.

Looking at Rule 9(b), the district court also determined that Plaintiff's proposed claim for fraudulent suppression (if added) would be subject to dismissal. In Plaintiff's proposed amended complaint, the "facts" Plaintiff alleged that Anderson failed to disclose consisted only of conclusory allegations about State Farm's supposed pattern and practice of misconduct. These allegations constituted no "material facts." Moreover, Plaintiff failed to allege that Anderson in fact knew

6

about the information he allegedly failed to disclose.  For these reasons, we agree with the district court's determination that Plaintiff failed to state a cause of action for fraudulent suppression under Alabama law.  See Code of Ala. § 6-5-102 (fraudulent suppression under Alabama law involves the "[s]uppression of a material fact which the party is under an obligation to communicate"); McGowan v. Chrysler Corp., 631 So. 2d 842, 847 (Ala. 1993) ("A party must have knowledge of a fact in order to be liable for its suppression.").  Because Plaintiff's fraudulent suppression claim would have been subject to dismissal, the district court abused no discretion in denying -- as futile -- the proposed amendment.

The district court also abused no discretion in determining that Plaintiff failed to state a claim for negligent procurement of insurance.  The proposed amended complaint contained no allegation -- and nothing evidences -- that Anderson failed to procure Plaintiff the insurance coverage that Plaintiff requested and that Anderson agreed to provide.  Plaintiff alleges, instead, only that Anderson failed to advise Plaintiff to purchase an insurance policy with higher coverage limits for UIM benefits.  Because Plaintiff has failed to allege sufficiently that Anderson breached a duty owed to Plaintiff, Plaintiff can state no cause of action for negligent procurement of insurance under Alabama law.  Cf. Highlands Underwriters Ins. Co. v. Elegante Inns, Inc., 361 So. 2d 1060, 1065 (Ala. 1978) (once the parties agree on the insurance to be procured, the insurance agent is

7

under a duty to "exercise reasonable skill, care, and diligence in effecting coverage," and may be held liable for negligence if he fails to fulfill that duty); Crump v. Geer Bros., Inc., 336 So. 2d 1091, 1093-94 (Ala. 1976) (sufficient evidence existed to support a finding that the insurance agent owed a duty to procure "complete and adequate" coverage where the insurance agent had several detailed discussions with the insured about the nature of the insured's business and the necessity of adequate insurance, had access to the insured's financial records, and examined personally the insured's warehouses).

On this record, the district court abused no discretion in denying Plaintiff leave to amend his complaint.

III.  Summary Judgment

Plaintiff next challenges the district court's grant of summary judgment in favor of State Farm on Plaintiff's claims for breach of contract and for bad faith. We review de novo the district court's grant of summary judgment; we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party.  Hollowell v. Mail-Well Corp., 443 F.3d 832, 836 (11th Cir. 2006).

Alabama courts have made clear that "[t]here can be no breach of an uninsured motorist contract, and therefore no bad faith, until the insured proves that he is legally entitled to recover." See, e.g., LeFevre v. Westberry, 590 So. 2d 154, 158 (Ala. 1991). To show that he is "legally entitled to recover," Plaintiff "must be able to establish fault on the part of the uninsured motorist, which gives rise to damages and must be able to prove the extent of those damages." See Pontius v. State Farm Mut. Auto. Ins. Co., 915 So. 2d 557, 564 (Ala. 2005). Absent a preexisting determination about the extent of a plaintiff's damages, a claim for breach of contract or for bad-faith is filed prematurely and must be dismissed, without prejudice, for lack of subject-matter jurisdiction. Id.

The record establishes the existence of a dispute between Plaintiff and State Farm about the extent of Plaintiff's damages. In support of his demand for the full UIM policy limits, Plaintiff asserted that his damages exceeded $50,000. Plaintiff's lawyer, however, reported to State Farm that Plaintiff had incurred "medical bills totaling $5,194.37 and loss of income totaling $6,385.06." And the medical records supplied by Plaintiff indicated that Plaintiff would likely have some permanent disability but was "recovering satisfactorily" and would likely not require surgery. Based on this information, State Farm valued Plaintiff's entire claim against the at-fault driver as being worth between $20,000 and $30,000.

9

In July 2012, State Farm sent Plaintiff a letter in which State Farm acknowledged that the parties had been unable to agree on an amount of damages; and State Farm made an "initial offer" of $5000.  State Farm also indicated its willingness to engage in continued negotiations and to consider "any and all new information you may have that could affect our evaluation."  Thereafter, Plaintiff cashed the $5000 check but engaged in no further negotiations nor submitted additional documentation of his damages.

"[W]here the evidence of the extent of damages is disputed, the insured has not proven . . . that he is 'legally entitled to collect'" for purposes of proving a claim for breach of contract or for bad faith.  LeFevre, 590 So. 2d at 160.  Because undisputed evidence in the record establishes that the amount of Plaintiff's damages was still in controversy when Plaintiff filed this civil action, Plaintiff had not yet proved the amount to which he was "legally entitled to recover."  As a result, Plaintiff's claims for breach of contract and for bad faith -- as a matter of Alabama law -- were filed prematurely and were subject to dismissal without prejudice for lack of subject-matter jurisdiction.  See Ex parte Safeway Ins. Co. of

Ala., Inc., 990 So. 2d 344, 352 (Ala. 2008); Pontius, 915 So. 2d at 564.[2]

       AFFIRMED.

---

[2] We reject Plaintiff's contention that the district court was precluded -- by that court's earlier order denying State Farm's motion to dismiss Plaintiff's claims on ripeness grounds -- from determining at the summary judgment stage that Plaintiff's claims were unripe. The District Court's own order could not preclude that court simply from changing its mind: "law of the case" doctrine inapplicable. See, e.g., Robinson v. Parrish, 720 F.2d 1548, 1550 (11th Cir. 1983) ("New developments or further research often will convince a district court that it erred in an earlier ruling, or the court may simply change its mind. We believe it would be wasteful and unjust to require the court to adhere to its earlier ruling in such an instance."). Moreover, each stage of the proceedings involves different considerations and burdens. Thus, that a complaint alleges sufficiently facts to withstand a motion to dismiss says nothing about whether a plaintiff's claim will survive ultimately a motion for summary judgment.