STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & CONSUMER COURT
CIVIL ACTION
DOCKET NO. BCD-CIV-2023-00030

MOODY'S CO-WORKER OWNED,  )
                           )
            Plaintiff,     )
                           )
                           )          ORDER GRANTING IN PART
                           )          AND DENYING IN PART
      v.                   )          DEFENDANTS' MOTION TO
                           )          DISMISS COMPLAINT
                           )
KMA HUMAN RESOURCES        )
CONSULTING LLC, and        )
KIMBERLY ANANIA,           )
                           )
            Defendants.    )

## **INTRODUCTION**

On March 20, 2023, Plaintiff Moody's Co-Worker Owned, Inc. (the "Plaintiff"), filed its

Complaint and Request for Injunctive Relief in the above-captioned matter. The Complaint names

as the Defendants KMA Human Resources Consulting, LLC, ("KMA") and Kimberly Anania, its

President and CEO (together, the "Defendants").

This lawsuit was initiated after the Plaintiff settled a class-action wage claim filed against

it by its employees. The employees sued the Plaintiff to recover wages that Plaintiff did not pay

them pursuant to a policy requiring that breaks were not paid. The Plaintiff claims that it hired

Defendant KMA to ensure their procedures were legally complaint.

Before the court is Defendants' Motion to Dismiss the Complaint pursuant to Maine Rule

of Civil Procedure 12(b)(6). For the reasons discussed below, the motion is GRANTED IN PART

and DENIED IN PART.

1

## MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of the complaint and does not probe the merits of the underlying case." *Carey v. Bd. of Overseers of the Bar*, 2018 ME 119, ¶ 19, 192 A.3d 589 (internal quotation marks omitted). In reviewing a motion to dismiss, courts must "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123 (citing *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quotation marks omitted). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.* (quotation marks omitted).

More rigorous pleading requirements apply to causes of action sounding in fraud. M.R. Civ. P. 9(b). Allegations of fraudulent misconduct must be stated with particularity. *Picher v. Roman Catholic Bishop of Portland*, 2013 ME 99, ¶ 2, 82 A.3d 101. This requirement is satisfied when the pleadings allow the defendants to be "fairly apprised of the elements of the claim" against them. *Stevens v. Bouchard*, 532 A.2d 1028, 1030 (Me. 1987).

## FACTUAL ALLEGATIONS

KMA Human Resources Consulting, LLC ("KMA") is a human resources consulting firm. Compl. ¶ 10. Kimberly Anania ("Anania") is President and CEO of KMA, which she founded during 2007 to provide businesses with human resources advice and guidance. Compl. ¶¶ 44-45. Plaintiff is an employee-owned company that operates collision repair facilities throughout Maine. Compl. ¶¶ 23-24, 26.

During July of 2012, Anania and Plaintiff's leadership discussed having KMA perform an

2

audit of Plaintiff's employment policies, practices, and procedures. Compl. ¶ 48. Anania represented KMA as competent and qualified to perform the audit. Compl. ¶¶ 35-37. However, the KMA employee who performed the audit was neither an attorney nor authorized to practice law in the State of Maine. Compl. ¶ 52. The employee nonetheless performed the audit, and she prepared and shared with Plaintiff an audit report disclosing the scope of the audit, and her findings and recommendations. Compl. ¶¶ 64-66. Plaintiff, in reliance on KMA's representations, trusted that KMA's advice contained in the audit report was correct and would bring Plaintiff's human resources policies and procedures into compliance with applicable law, and it implemented the recommendations contained in the audit report. Compl. ¶ 71.

Plaintiff next retained KMA to perform a detailed, line-item review of Plaintiff's employee handbook. Compl. ¶ 74. The goal of the line-item review was to identify any of Plaintiff's human resources policies that did not comply with applicable laws. Compl. ¶¶ 76, 78. Again, Anania represented to Plaintiff that KMA and its staff-consultants had the expertise necessary to perform the line-item review. Compl. ¶ 77. However, the consultant who performed the review was neither an attorney nor authorized to practice law in the State of Maine. Compl. ¶¶ 80-81. One of her recommended revisions to Plaintiff's handbook was the addition of the word "unpaid" before "15-minute breaks" in Plaintiff's Lunch Periods and Breaks policy. Compl. ¶ 87.

Plaintiff understood, based on the consultant's suggestion, that it was legal and permissible to provide its employees with two unpaid fifteen-minute breaks. Compl. ¶ 89. KMA did not advise Plaintiffs in the audit report, the line-item review, or at any other time that, to the contrary, Plaintiff had to treat the fifteen-minute breaks provided to its employees as paid work time. Compl. ¶¶ 90-91. That is, KMA's recommended revision to the employee handbook caused it to run afoul of state and federal wage laws.

3

Plaintiff, relying on KMA's expertise, accepted and integrated the consultant's addition of "unpaid," along with her other recommendations, into its revised employee handbook. Compl. ¶ 92. Thereafter, Plaintiff offered two unpaid fifteen-minute breaks to its employees at many of its locations. Compl. ¶ 93. This error culminated in a claim for unpaid wages related to the employees' fifteen-minute work breaks, which was brought as part of a class-action lawsuit filed in federal court against the Plaintiff by its employees during August of 2020. Compl. ¶¶ 125-127, 132. That lawsuit was settled by agreement, which was approved by the federal court on January 12, 2023. Compl. ¶¶ 128-129. KMA declined to accept financial responsibility or liability for its role in Plaintiff's failure to pay its employees' wages for their rest breaks. Compl. ¶¶ 6, 136.

Meanwhile, before the class-action, Plaintiff and KMA continued their working relationship through February of 2020, during which time Plaintiff obtained advice regarding employment and legal compliance issues from KMA for a fee. Compl. ¶ 99, 101-102. KMA continued to represent its qualification to provide advice on compliance with employment law even though none of its employees were authorized to practice law in the State of Maine. Compl. ¶¶ 104, 106.

## DISCUSSION

Plaintiff's Complaint states the following claims against KMA: fraud and unauthorized practice of law (Count I), Compl. ¶¶ 139-153; fraudulent misrepresentation (Count II), Compl. ¶¶ 154-163; negligent misrepresentation (Count III) and negligence (Count V), Compl. ¶¶ 164-175, 191-197; breach of fiduciary duty (Count IV), Compl. ¶¶ 176-190; and contribution (Count VI), Compl. ¶¶ 198-209. The Complaint also states two claims against Anania individually: fraud (Count VII), Compl. ¶¶ 210-223, and negligent misrepresentation (Count VIII), Compl. ¶¶ 224-231.

4

Before addressing the Defendants' motion below in the context of each of Plaintiff's claims, the court notes that the applicable statute of limitations may bar Plaintiff's negligence claims. 14 M.R.S. § 752 (2023). Plaintiff pleads statutory and common law means to overcome the statute of limitations. *See* 14 M.R.S. § 859 (2023) (fraud claims); *Packgen, Inc. v. Bernstein, Shur, Sawyer & Nelson, P.A.*, 2019 ME 90, 209 A.3d 116 (continuing representation); *Baker v. Farrand*, 2011 ME 91, 26 A.3d 806 (continuing negligence); *Nevin v. Union Tr. Co.*, 1999 ME 47, 726 A.2d 694 (discussing application of the "discovery rule" to certain claims involving an alleged breach of fiduciary duty). "[A] complaint will not be dismissed, pursuant to Rule 12(b)(6), as time-barred unless [it] contains within its four corners allegations of sufficient facts to show the existence and applicability of the defense" provided by the statute of limitations. *Francis v. Stinson*, 2000 ME 173, ¶ 56, 760 A.2d 209.

## I.  Counts I & II: Plaintiff's Fraud Claims Against KMA

Plaintiff states two fraud claims against KMA. First, in Count I, Plaintiff pleads fraud based on KMA's alleged unauthorized practice of law and misrepresentations of its competence or qualification to perform certain services. This claim concerns KMA's and its employee-consultants' legal authorization and competence or qualification to advise Plaintiff on its compliance with employment and wage laws. Next, in Count II Plaintiff pleads fraud based on KMA's representation that "KMA Human Resources has your back."

Fraud claims based on a misrepresentation require proof of false representation by the defendant of a material fact made with knowledge or reckless disregard of its falsity for the purpose of inducing another person to act or to refrain from action, and of that person's justifiable reliance upon the false representation to their detriment. *See Drilling & Blasting Rock Specialists, Inc. v. Rheaume*, 2016 ME 131, ¶ 17, 147 A.3d 131 (citation omitted). Maine's six-year statute of

5

limitations for civil claims begins to accrue for causes of action sounding in fraud when the plaintiff discovers the claim. 14 M.R.S. § 859. Plaintiff alleges it discovered the basis for its fraud claims within the statutory period, during 2020. Compl. ¶¶ 109, 125.

### a. Count I: KMA as Unauthorized to Practice Law, Incompetent or Unqualified

Plaintiff first claims that it was defrauded by KMA's representations of itself and its employees as qualified to give Plaintiff legal advice, and specifically advice about Plaintiff's compliance with state and federal wage and employment laws. Compl. ¶¶ 40-42, 59-61, 81-82, 139-153. This is because neither KMA nor its employees, allegedly, were authorized to give legal advice. Compl. ¶¶ 39, 52, 80-81, 104, 106. Second, the Complaint alleges that KMA misrepresented its and its employees' competence and qualifications to perform the audit report and the line-item review of Plaintiff's employee handbook. Compl. ¶¶ 50, 59-61, 77, 79. KMA also made other statements and representations about its supposed expertise and the partnership-relationship it develops with its clients like Plaintiff to persuade Plaintiff to give KMA its business.[1]

---

[1] According to Plaintiff, these representations included:

> When you partner with KMA, you have direct access to a[ human resources] professional who can help you navigate everything from the straightforward to the super complex. We offer guidance on compliance issues, policy questions, employee relations and engagement, compensation, recruiting and retention strategies, and so much more. You can think of us as an extension of your team.

> We often begin with an assessment to make sure your current procedures are aligned with legal compliance and [human resources] best practices. We identify major risk areas requiring immediate attention, note opportunities for improvement, and help put action plans into place. We can review and update your employee handbook if you already have one, or develop this foundational document if you don't.

> When you partner with us, you gain access to a deep bench of [human resources] and recruiting professionals. Our expertise, strong work ethic, creative problem solving, compassion and exceptional service will help you effectively navigate your day-to-day [human resources] operations and handle those more complex challenges that come your way.

Compl. ¶¶ 35-37. Anania and KMA also represented that KMA "is built on a foundation of trust, integrity, and expertise," and that "doing the right thing" is key to its mission and values. Compl. ¶ 46.

### i. KMA as Unauthorized to Practice

"The determination of what constitutes the practice of law is very fact specific." *Bd. of Overseers of the Bar v. Mangan*, 2001 ME 7, ¶ 16, 763 A.2d 1189. "The focus of the inquiry is, in fact, whether the activity in question required legal knowledge and skill in order to apply legal principles and precedent." *Id.* ¶ 13 (citation and internal quotations marks omitted).

Here, the Complaint adequately alleges facts that, if proved, could entitle Plaintiff to relief on its first fraud claim. Allegedly, KMA's audit report and line-item review of Plaintiff's employee handbook placed KMA in the role of advisor to Plaintiff concerning issues implicating state and federal wage and employment law. *See* Compl. ¶¶ 50, 66. While this type of advice may not comprise the practice of law. The court cannot say that there is no set of facts where KMA's advice about matters involving legal compliance do not amount to the "practice of law."[2] Without a factual record to do so, Defendants' Motion to Dismiss is therefore denied on Count I of Plaintiff's Complaint.

### ii. KMA as Incompetent or Unqualified

Defendants' Motion to Dismiss is denied, in part, with respect to KMA's statements regarding its and its employees' competence and qualification to audit Plaintiff's human resources policies, practices, and procedures, and to perform the line-item review of Plaintiff's employee handbook. The Complaint alleges that, to induce Plaintiff's business, KMA held itself out as competent to perform those services for Plaintiff. Compl. ¶¶ 50, 59-61, 77, 79. These allegations

---

[2] Moreover, in brief, Plaintiff's Counts I, II and VII satisfy Rule 9(b) by fairly apprising the Defendants of the elements of the fraud claims plead against them. *See Stevens*, 532 A.2d at 1030. It also sufficiently alleges a causal connection between KMA's purported misrepresentation regarding its authorization to advise Plaintiff on compliance with wage and employment laws and KMA's erroneous revision to Plaintiff's employee handbook. Subsumed within the Complaint is Plaintiff's allegation that it retained KMA to perform the line-item review and adopted KMA's recommended revisions thereto based on KMA's representation that it was authorized to advise Plaintiff on compliance with wage and employment laws. Finally, because the court views the allegations contained in the Complaint as adequate to state Plaintiff's fraud claim for KMA's purported unauthorized practice of law, Plaintiff's Count I is not time-barred.

adequately plead fraudulent misrepresentation in the context of KMA's competence. KMA's and its employees' competence and qualification to perform the services is a "material fact." *See Cianchette v. Cianchette*, 2019 ME 87, ¶ 25, 209 A.3d 745. As with Plaintiff's claim based on KMA's alleged unauthorized practice of law, the court cannot at this stage determine the nature of KMA's or its employees' actual competence to perform the services ordered by Plaintiff. Thus, Defendants' Motion to Dismiss is denied, in part, with respect to statements describing KMA's competence and qualification to perform the audit report and line-item handbook review.

### b. Count II: Whether "KMA Human Resources has your back" is actionable.

The Complaint goes on to allege fraudulent misrepresentation in the context of KMA's representation to its clientele that "KMA Human Resources has your back." Plaintiff alleges that this representation is false, and that KMA made it and other statements to Plaintiff specifically to induce Plaintiff to give KMA its business. Compl. ¶¶ 154-159. Plaintiff consequently trusted KMA to support or defend it from issues related to KMA's advice. Compl. ¶ 160. KMA never intended to honor its promise to have Plaintiff's back. Compl. ¶ 162. Thus, Plaintiff was left to bear the cost of defending and settling the employees' class-action without KMA's support or defense. Compl. ¶ 163.

As noted above, among other elements, to state a claim for fraudulent misrepresentation the representation underlying the purported fraud must be "of a material fact." *Maine Eye Care Assoc. P.A. v. Gorman*, 2008 ME 36, ¶ 12, 942 A.2d 707; *see Cianchette*, 2019 ME 87, ¶ 25, 209 A.3d 745. Statements of opinion or business puffery are not recognized as actionable for fraud. *See, e.g., Cianchette*, 2019 ME 87, ¶ 25, 209 A.3d 745; *Costa v. FCA US LLC*, 542 F. Supp. 3d 83, 101 (D. Mass. 2021); *Eldridge v. Gordon Bros. Group, LLC*, 863 F.3d 66, 78-79 (1st Cir. 2017).

Here, the complained of statement and representation is meaningless puffery. The assertion

that KMA "has your back" has no actual meaning.[3] It cannot amount to a guarantee or indemnity. Moreover, there is no way for a factfinder to determine the statement's meaning or veracity, or the reasonableness of Plaintiff's purported reliance on it. Accordingly, Defendants' Motion to Dismiss is granted, in part, with respect to this statement underlying Plaintiff's fraudulent misrepresentation claim contained in Count II of the Complaint.

## II. Counts III and V: Negligent Misrepresentation and Negligence by KMA

Plaintiff's Complaint states claims for negligence and negligent misrepresentation; however those claims may now be barred by the applicable statute of limitations. *See* 14 M.R.S. § 752. Plaintiff asserts that the continuing representation or continuing negligence doctrines, if recognized, would enable it to overcome the statutory bar to its actions sounding in negligence. Plaintiff adds that in cases involving claims for breach of fiduciary duty, like this one, the discovery rule is extended to a plaintiff's negligence claims if KMA's role managing Plaintiff's human resources program made it so Defendants could not be expected to discover their error. *See Nevin*, 1999 ME 47, ¶¶ 19, 24-30, 726 A.2d 694. Thus, if Defendants' Motion to Dismiss is denied on Plaintiff's breach of fiduciary duty claim, discussed below, then the involvement of that claim could warrant application of the discovery rule to Plaintiff's negligence claims.

### a. Whether the continuing representation doctrine is applicable to Plaintiff's negligence claims.

"The continuing representation doctrine was originally used in medical malpractice cases and applied in legal malpractice litigation as a direct reaction to the illogical requirement of the

---

[3] The statement "KMA Human Resources has your back" is analogous to statements regularly made by certain companies for marketing purposes and which courts, in the context of various causes of action, qualify as non-actionable puffery as opposed to representations of material fact. *See, e.g., Broadway v. State Farm Mut. Auto. Ins. Co.*, 683 Fed. Appx. 801, 803-04 (11th Cir. 2017) ("like a good neighbor, State Farm is there"); *Friedman v. Nationwide Ins. Co. of America*, No. CV 16-7363-GW, 2017 WL 11635406, at *3 (C.D. Cal. Feb. 9, 2017) ("Nationwide is on your side"); *Bologna v. Allstate Ins. Co.*, 138 F. Supp. 2d 310, 322-23 (E.D. N.Y. 2001) ("You're in good hands with Allstate").

occurrence rule, which compels clients to sue their attorneys though the relationship continues, and there has not been and may never be any injury." *Packgen, Inc. v. Bernstein, Shur, Sawyer & Nelson, P.A.*, 2019 ME 90, ¶ 25, 209 A.3d 116 (citation and internal quotation marks omitted).

The Law Court will not permit an expansion of the continuing representation doctrine that would constitute a "judicially-created exception that is contrary to the plain meaning" of the applicable statute of limitations. *Id.* ¶ 26. Moreover, Maine courts must construe a statute of limitation "strictly in favor of the bar which it was intended to create." *Id.* ¶ 20. Thus, the Law Court declined to apply the continuing representation doctrine to a claim involving legal malpractice, because doing so would be contrary to the plain meaning of statute of limitations codified in 14 M.R.S. § 753-B. *Id.* ¶ 29. It also declined to apply the doctrine in the context of a medical malpractice claim, interpreting 24 M.R.S. § 2902. *Dickey v. Vermette*, 2008 ME 179, ¶¶ 6-7, 960 A.2d 1178.

The Complaint alleges that KMA continued work for Moody's after the occurrence giving rise to the class action. Compl. ¶¶ 99, 172. However, the court concludes that, in light of the language of the applicable statute of limitations, the Law Court would not extend the negligent representation doctrine to this case. Section 752 was written broadly to impose a six-year limitation upon "[a]ll civil actions" upon their accrual. 14 M.R.S. § 752. The statute is unambiguous and encumbers all civil actions. Exceptions to section 752 are also codified within title 14, *see* 14 M.R.S. §§ 752-A-754, 859, and none apply to Plaintiff's negligence claims. Thus, the negligent representation doctrine does not aid Plaintiff in overcoming the statutory bar to its negligence claims.

### b. Whether the continuing negligence doctrine is applicable to Plaintiff's negligence claims.

Under the continuing negligence doctrine, "the limitations period does not begin to run

10

until the date of the last act of negligence." *Packgen, Inc.*, 2019 ME 90, ¶ 30, 209 A.3d 116 (citation and quotation marks omitted). *Compare Baker v. Farrand*, 2011 ME 91, ¶ 29, 26 A.3d 806 (multiple instances of negligence joined to proximately caused the plaintiff's injury, and accrual began upon the occurrence of the last instance of negligent treatment) *with Packgen, Inc.*, 2019 ME 90, ¶ 33, 209 A.3d 116 (doctrine inapplicable where alleged negligence arose from a single occurrence).

Here, the Complaint alleges professional negligence flowing from KMA's line-item review of Plaintiff's employee handbook and implementation of an erroneous revision thereto. Compl. ¶¶ 87-90, 172, 174. Plaintiff also alleged that KMA was negligent in holding itself and its employees out as qualified to perform certain services when they were not qualified to perform them. *See* Compl. ¶¶ 172-173. Standing alone and without the discovery rule, Plaintiff's negligence claims accrued during 2012 and would be time-barred. However, Plaintiff adds that KMA was also negligent when, after revising the handbook, it failed to inform Plaintiff about its error in the course of performing other work for Plaintiff between 2012 and 2020. Compl. ¶¶ 123, 172.

As explained in *Packgen, Inc.*, the continuing negligence theory has not been extended beyond its application to medical malpractice claims filed under the Maine Health Security Act, 24 M.R.S. §§ 2501-2988 (2023). *Packgen, Inc.*, 2019 ME 90, ¶ 34, 209 A.3d 116. However, the Complaint must merely state a claim under "some legal theory." *See Bonney*, 2011 ME 46, ¶ 16, 17 A.3d 123 (citation omitted); *cf. Davison v. Caleidoscope Commun. Co.*, No. S0436-04, 2004 WL 5576900, at *4-5 (Nov. 8, 2004) (cautioning against dismissal of claims based on novel or extreme theories of recovery unless it is beyond doubt there are no facts the plaintiff could prove that would entitle them to relief) (citing *In re A.G.*, 151 Vt. 167, 169, 559 A.2d 656, 657-58 (1989)). In addition to the error in the employee handbook, Plaintiff alleges that it was negligence not to

11

discover the error during subsequent work for the Plaintiff and that the work occurred within six years of the Complaint. Depending on the nature of that work, it may be enough to avoid dismissal. These pleadings adequately state a claim for relief under the continuing negligence doctrine. Therefore, the Motion to Dismiss is denied concerning Plaintiff's Counts III and V.

### III.    Count IV: Breach of Fiduciary Duty by KMA

Defendants argue that the Complaint fails to allege facts establishing a fiduciary or confidential relationship between the parties. The elements of a fiduciary or confidential relationship are (1) the actual placement of trust and confidence in fact by one party in another, and (2) great disparity of position and influence between the parties. *Bryan R. v. Watchtower Bible and Tract. Soc. of New York, Inc.*, 1999 ME 144, ¶ 19, 738 A.2d 839. However, the law does not recognize any such relationship based on "arms-length business relationships alone." *Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶ 10, 54 A.3d 710. "A court, therefore, must have before it specific facts regarding the nature of the relationship that is alleged to have given rise to a fiduciary duty in order to determine whether a duty may exist at law." *Bryan R.*, 1999 ME 144, ¶ 20, 738 A.2d 839.

Hence, in order to survive a motion to dismiss for failure to state a claim, "the plaintiff must set forth specific facts constituting the alleged relationship with sufficient particularity to enable the court to determine whether, if true, such facts could give rise to a fiduciary relationship." *Id.* ¶ 21. This means that the plaintiff must allege facts "indicating the actual placement of confidence and trust, and the abuse of the relation," *Stewart v. Machias Sav. Bank*, 2000 ME 762, ¶ 11, 762 A.2d 44 (quoting *Ruebsamen v. Maddocks*, 340 A.2d 31, 35 (Me. 1975)), and which demonstrate their "diminished emotional or physical capacity, or the letting down of all guards and bars," *id.* In the context of business relationships, a fiduciary or confidential relationship may be

12

found when a party exercises some managerial or discretionary control over another party's business, as opposed to performing tasks that are ministerial in nature. *See Erlich v. Oullette, Labonte, Roberge and Allen, P.A.*, 637 F.3d 32, 36 & n.5 (1st Cir. 2011) (discussing cases); *Ramsey*, 2012 ME 113, ¶ 10, 54 A.3d 710.

Here, Plaintiff alleges that it selected KMA for its expertise, and that it relied on KMA's expertise. Compl. ¶¶ 177-178. It alleges that KMA wielded significant influence over Plaintiff regarding the contents of Plaintiff's human resources and employment policies, practices, and procedures. Compl. ¶¶ 180-181. This dynamic resulted in Plaintiff placing a high-degree of trust and confidence in KMA, and a resulting disparity of position between the parties. Compl. ¶ 182. KMA and Anania also made representations describing KMA as Plaintiff's "partner" and "trusted advisor" and as an "extension of [Plaintiff's] team." Compl. ¶¶ 35, 37, 50. Finally, the Complaint alleges that KMA performed an audit of Plaintiff's human resources policies and practices, a line-item review of Plaintiff's employee handbook, and other services including trainings for Plaintiff's employees. Compl. ¶¶ 64-86, 99, 101-102.

Considering these allegations as admitted facts, and viewing them in the light most favorable to Plaintiff, they adequately allege a fiduciary or confidential relationship between the parties. *See Bryan R.*, 1999 ME 144, ¶ 21, 738 A.2d 839. Plaintiff successfully alleges the actual placement of trust or confidence in KMA, and relatedly a high degree of reliance on KMA in the management and administration of Plaintiff's human resources and employment policies, practices, and procedures. Accordingly, Defendants' Motion to Dismiss is denied regarding Plaintiff's claim for breach of fiduciary duty contained in Count IV of the Complaint. Because Plaintiff's Complaint adequately alleges a claim for breach of fiduciary duty, the discovery rule may be available to the Plaintiff's negligence claims. *See Nevin*, 1999 ME 47, ¶¶ 19, 24-30, 726

13

A.2d 694.

## IV. Count VI: Contribution

Claims for contribution "do not accrue for the purposes of the statute of limitations until a judgment has been paid by the third-party plaintiff." *St. Paul Ins. Co. v. Hayes*, 676 A.2d 510, 511 (Me. 1996) (citation and internal quotation marks omitted). In Maine, contribution is preserved as an equitable remedy or right. *Emery Waterhouse Co. v. Lea*, 467 A.2d 986, 996 (Me. 1983) (citation omitted). Equitable contribution "assume[s] a common obligation" shared by the parties to the contribution claim. *Daigle Comm. Group, Inc. v. St. Laurent*, 1999 ME 107, ¶ 26, 734 A.2d 667; *see Spottiswoode v. Levine*, 1999 ME 79, ¶¶ 17-19, 730 A.2d 166 ("the right of contribution arises not when the joint obligation is made but when one obligor pays more than his share of the liability") (citation and internal quotation marks omitted). The parties to an equitable contribution claim need not be joint tortfeasors. *Compare Flaherty v. S.D. Warren Co.*, No. 98-254-P-H, 1999 WL 33117090, at *1-4 (recommending denial of the Union's motion to dismiss the third-party complaint for contribution filed against it by the employer-tortfeasor where the parties each owed obligations to the plaintiff-employee according to a collective bargaining agreement) *with* 14 M.R.S. §§ 156, 163 (2023) (apportionment of damages among and release of joint tortfeasors).

A common obligation may emerge from a contract or express agreement. In the absence of such an agreement contribution "is enforceable on a theory of contract implied in law or in fact." *Spottiswoode*, 1999 ME 79, ¶ 18, 730 A.2d 166 (citation omitted). A contract implied in fact is a contract inferred from the conduct of the parties, whereas a contract implied at law may be found when there is no actual contractual relationship but fairness and justice compel performance of a legal and moral duty to pay. *Paffhausen v. Balano*, 1998 ME 47, ¶ 6, 7087 A.2d 269.

In this case, Plaintiff neither alleges nor provides the court with any express contract by

14

which it retained KMA's services and that creates a common obligation to Plaintiff's employees. Nonetheless, Plaintiff's injury flows from its settlement of its employees' wage claims, which relate directly to Plaintiff's employee handbook. Plaintiff alleges that its employees were interested in and expected Plaintiff's compliance with wage and employment laws. Compl. ¶ 202. It also alleges that Plaintiff and its employees relied on KMA to affirm Plaintiff's legal compliance. Compl. ¶ 203. Whether the facts show that KMA's role was such to establish an obligation directly to the employers cannot be established at the motion to dismiss stage. The Complaint adequately states a claim for contribution, and the Motion to Dismiss is denied with respect to Count VI.

## V. Count VII: Fraud by Anania

Plaintiff's fraud claim against Anania individually, contained in Count VII of the Complaint, tracks its fraud claims pled against KMA in Counts I and II. Count VII alleges that Anania made various misrepresentations to Plaintiff to induce Plaintiff to give KMA its business and that she did so for her personal gain. Compl. ¶¶ 210-220. Her misrepresentations contributed to Plaintiff's resulting injury. Compl. ¶ 223. For the same reasons discussed above in the discussion of Counts I and II, the Defendants' Motion to Dismiss Count VII of Plaintiff's Complaint is denied in part. The Motion to Dismiss Count VII of Plaintiff's Complaint is granted regarding Anania's alleged representation that KMA had Plaintiff's back. Compl. ¶ 214.

## VI. Count VIII: Negligent Misrepresentation by Anania

Plaintiff alleges that Anania negligently misrepresented KMA's and its employees' competency and qualification to provide human resources consulting services to Plaintiff for a fee. Compl. ¶¶ 224-231. As pled, Count VIII only references representations made at the time of hiring regarding qualifications. It alleges that she knew KMA was not competent to provide advice but does not allege any misrepresentations within six years of the Complaint. Compl. ¶¶ 107, 108.

15

Therefore,the court sees no allegation that applies the continuing negligence doctrine to the negligent misrepresentation count against Anania. The Complaint does not allege she breached her fiduciary duty. Therefore, the statute of limitations bars Count VIII. The court grants the Motion to Dismiss on Count VIII of Plaintiff's Complaint.

## CONCLUSION

Based on the foregoing, the entry will be: Defendants KMA Human Resources Consulting, LLC's and Kimberly Anania's Motion to Dismiss Plaintiff Moody's Co-Worker Owned, Inc.'s Complaint is DENIED IN PART and GRANTED IN PART.

The Motion to Dismiss is DENIED on Counts I and III-VI of Plaintiff's Complaint.

The Motion to Dismiss is GRANTED on Counts II and VIII of Plaintiff's Complaint.

The Motion to Dismiss is DENED IN PART on Count VII insofar as Plaintiff's claims are based on Anania's representations regarding KMA's competence and qualification to perform certain services andis GRANTED IN PART on Count VII insofar as that claim is based on the representation "KMA Human Resources has your back."

SO ORDERED.

The Clerk is requested to enter this Order on the Docket, incorporating it by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 7/25/23

Thomas R. McKeon
Justice, Business & Consumer Court

Entered on the docket: 07/25/2023

16